PEOPLE *v.* MARKS.

1. PARDONS AND PAROLES—PROBATION—STATUTES.

   The authority of a trial court in the matter of the placing on
      probation of a person convicted of crime is conferred by
      statute (CL 1948, § 771.1 *et seq.*).

2. SAME—PROBATION—DISCRETION OF COURT.

   Probation is not a matter of right but a privilege and rests in
      the sound discretion of the court (CL 1948, § 771.1 *et seq.*).

3. SAME—PROBATION—REHABILITATION.

   The period of probation provided for by statute was designed to
      provide a period of grace in order to aid the rehabilitation
      of a penitent offender and take advantage of an opportunity
      for reformation which actual service of the suspended sentence
      might make less probable (CL 1948, § 771.1 *et seq.*).

4. SAME—PERIOD OF PROBATION—DISCRETION OF COURT.

   The probation statute limits the period of probation to 5 years
      in cases of felonies but otherwise the discretion exercised is
      that of the conscientious judgment of the trial judge, not
      arbitrary action, and must take into account the particular
      circumstances of each case (CL 1948, § 771.2).

5. SAME—PROBATION—ALTERATION AFTER EXPIRATION OF ORIGINAL
   PERIOD IMPOSED.

   Alteration of probation order for conviction of felonious opera-
      tion of an automobile, which contained no provision for resti-
      tution and was of 3 years' duration, and during which there
      was no violation of conditions by defendant, so as to extend
      it to 5 years and require defendant to pay a total of $2,500
      each to 2 victims of the criminal act did not constitute an abuse
      of judicial discretion, where made some 8 months or more after
      expiration of the original 3-year period (CL 1948, § 771.2).

Appeal from Ingham; Salmon (Marvin J.), J.
Submitted June 17, 1954. (Docket No. 79, Calendar
No. 45,902.) Decided September 8, 1954.

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 15 Am Jur, Criminal Law §§ 492–495.

Charles G. Marks, Jr., was convicted of felonious operation of an automobile. He received a 3-year probation. After expiration of such term, probation was extended for 2 years and defendant was ordered to make restitution. Defendant appeals. Affirmed.

*Frank G. Millard,* Attorney General, *Paul C. Younger,* Prosecuting Attorney, and *R. William Reid,* Assistant Prosecuting Attorney, for plaintiff.

*Snyder, Clarke & Dalziel (Ward W. Kelley,* of counsel), for defendant.

BUSHNELL, J. Defendant Charles G. Marks, Jr., of Waukegan, Illinois, who was a student at Michigan State College at East Lansing, injured 2 pedestrians on February 12, 1949. He was charged with the felonious operation of an automobile, contrary to the provisions of PA 1931, No 214 (CL 1948, § 752.191 *et seq.* [Stat Ann § 28.661 *et seq.*]). An order of *nolle prosequi* was entered on the second count of the information, in which he was charged with having left the scene of the accident without rendering assistance to the injured parties or giving his name and address, et cetera.

On arraignment defendant stood mute and a plea of not guilty was entered for him. The calendar entries show a jury trial resulting in a verdict of guilty. On May 4, 1949, defendant was placed on probation for a period of 3 years under the usual conditions, and, in addition thereto, costs of $200 were taxed. Under the order the defendant was permitted to return to his home at Waukegan, Illinois, and report once a month, by mail, to the acting chief probation officer in Lansing. During the period of probation defendant was not permitted to drive or operate any motor vehicle.

The order further stated that "this court will continue jurisdiction over him until this 3-year probation is terminated."

There is nothing in the record to indicate that Marks failed at any time during the 3-year period of probation to comply with all the terms of the court's order.

On January 9, 1950, one of the injured parties, Norma Jean Towar, in a trial without a jury, obtained a judgment against Marks in the sum of $10,000, and on May 4, 1950, the other injured party, Berten L. Davey, in the same manner obtained a judgment of $11,000. Neither judgment has been satisfied either in whole or in part.

The probation officer of the Ingham county circuit court, on September 18, 1952, which was 4 months and 14 days after the expiration of the 3-year period of probation, filed a petition for extension of probation for a term of 2 years and asked that Marks be ordered to make restitution to each of the injured parties in the sum of $2,500, payable in instalments not later than February 4, 1953. On this same date the circuit judge entered an order extending the period of probation for a period of 2 years, but without any reference therein to the matter of restitution.

A second petition was filed by the probation officer on December 12, 1952, in which the court was asked to vacate and set aside the order entered on September 18th and that an order be entered extending the period of probation for 2 years to end on May 4, 1954, and that defendant be required to make reasonable restitution.

Defendant, by counsel, on January 27, 1953, sought dismissal of the petition for extension and the vacation of the September order on various grounds, among which were that the court was without jurisdiction and authority to amend the original order, because it contained no provisions for restitution,·

and that the September order was issued without notice to defendant or his attorney, and purported to extend the probation period. It was further urged that the sole purpose of the petition was to obtain compensation or partial satisfaction of alleged damages which, if effected in this manner, would be contrary to law and a violation of due process.

At a hearing on the issue thus framed, defendant's motion to dismiss was denied, the order of September 18th was vacated, and another order was entered extending the period of probation for 2 years, with the requirement that $200 be paid each of the injured parties each month until the sum of $2,400 had been paid, and, in addition, a final payment of $100 to each of the parties should be made within 30 days thereafter.

Motions for rehearing were denied and a stay was granted in order that an appeal might be taken to this Court. Leave to appeal followed.

Among the various questions raised, the decisive one may be expressed as follows:

Did the trial court have jurisdiction and authority to extend the probation period for an additional 2 years and alter the original terms of probation to include restitution after the original period of probation had expired?

The authority of the court must be found in the statute.* It is unnecessary to quote at length the probation provisions of the code of criminal procedure.

Section 2 of chapter 11 of PA 1927, No 175, as amended (CL 1948, § 771.2 [Stat Ann § 28.1132]), reads:

"If respondent is convicted of an offense not a felony the period of probation shall not exceed 2

_____

* See CL 1948, § 771.1 et seq. (Stat Ann § 28.1131 et seq.).—Reporter.

years, and if he is convicted of a felony, it shall not exceed 5 years. The court shall by order, to be filed or entered in the cause as the court may direct by general rule or in each case fix and determine the period and conditions of probation and such order, whether it is filed or entered, shall be considered as part of the record in the cause and shall be at all times alterable and amendable, both in form and in substance, in the court's discretion."

Section 3 of chapter 11 (CL 1948, § 771.3 [Stat Ann § 28.1133]) provides that, among the conditions of probation, the court may include "restitution in whole or in part to the person or persons injured * * * as the circumstances of the case may require or warrant, or as in its judgment may be meet and proper."

In *People* v. *Good,* 287 Mich 110, this portion of the act was discussed and the effect of such an order was determined, this Court saying (pp 115, 116):

"It was not a deprivation of due process of law to deny defendant a hearing on the question of the amount of 'damages' to be imposed as a condition of probation and the statute * * * is ample notice of the possibility that such a condition might be imposed."

In the *Good Case* we cited *People* v. *Dudley,* 173 Mich 389, saying that: "Probation is not a matter of right but rests in the sound discretion of the court." We held the order of probation invalid in the *Good Case* because it was not in accord with the statute in that the probation department was permitted to determine how restitution should be made.

The view of Mr. Justice WIEST in his concurring opinion in the *Good Case,* which seems to be shared by the defendant in the instant case, did not meet with the approval of the Court.

The Michigan act in its terms is similar to the Federal probation act (Chap 521, 43 Stat 1259. Revised in 1948, 62 Stat 842 [18 USCA, §§ 3651–3656]).

Because of the importance of the question raised in the instant case, we quote somewhat at length from the view of the supreme court of the United States as expressed by Chief Justice Hughes in *Burns* v. *United States,* 287 US 216, 220–223 (53 S Ct 154, 77 L ed 266). The act—

"was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable.  *  *  *  Probation is thus conferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the act are adapted to this end. It authorizes courts of original jurisdiction, when satisfied 'that the ends of justice and the best interests of the public, as well as the defendant, will be subserved,' to suspend the imposition or execution of sentence and 'to place the defendant upon probation for such period and upon such terms and conditions as they may deem best.'

"There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. 'The

court may revoke or modify any condition of probation, or may change the period of probation.' There are no limiting requirements as to the formulation of charges, notice of charges, or manner of hearing or determination. No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant. The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant. The only limitation, and this applies to both the grant and any modification of it, is that the total period of probation shall not exceed 5 years. * * *

"The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges. The question is simply whether there has been an abuse of discretion, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. * * * It takes account of the law and the particular circumstances of the case and 'is directed by the reason and conscience of the judge to a just result.' * * * While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice."

In the light of the view expressed in the *Good* and *Burns Cases,* we, therefore, hold that defendant's rights were not impinged by the alteration in the probation order made within the statutory 5-year period, even though the conditions of the original order had not been violated and its term had expired.

The trial judge, under the statute hereinbefore cited, was at liberty "at all times" within the 5-year period to alter and amend the order "both in form

.and in substance." We find no abuse of judicial discretion.

The order is affirmed.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.