PEOPLE *v* SHERMAN

CRIMINAL LAW—COURTS—PROBATION—SUSPENSION—REINSTATEMENT.
A trial court had authority to set aside its previous suspension
of defendant's probation where a defendant was convicted
of conspiracy to violate the state liquor law and the reinstate-
ment of the original probation terms occurred within the
statutory five-year probationary period for persons convicted
of a felony (MCLA 771.2).

Appeal from Recorder's Court of Detroit, Thomas
L. Poindexter, J.   Submitted Division 1 December
16, 1971, at Detroit.   (Docket No. 12079.)   Decided
January 26, 1972.   Leave to appeal denied, 387 Mich
766.

Charles Sherman was convicted of conspiracy to
violate the state liquor law.   Defendant's suspension
of probation revoked after arrest and indictment for
Federal gambling law violation.   Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James M. Ed-
wards,* Assistant Attorney General, for the people.

*Charles Burke,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and
DANHOF, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 567, 568.

PER CURIAM. Following a bench trial, the defendant was convicted of conspiracy to violate the state liquor law, MCLA 436.50, 750.157a; MSA 18.1021, 28.354(1). On October 1, 1969, he was placed on probation for five years with the first six months to be served in the Detroit House of Correction. Due to the defendant's medical condition, the sentence was deferred until further notice. He was ordered to pay court costs of $1,000 and to report every six months for a physical.

On April 2, 1971, Recorder's Court Judge Thomas L. Poindexter signed an order presented by the Recorder's Court Probation Department terminating the probation because the defendant no longer needed supervision.

On May 6, 1971, the defendant was arrested under a Federal indictment charging him with violation of Federal laws as to gambling. The next day Judge Poindexter ordered the setting aside of his order of April 2, 1971, the reinstatement of probation, and a show cause hearing as to violation of the probation.

The hearing was held on June 29, 1971. At its conclusion the court stated that the defendant should appear in court the next morning to begin serving the six-month sentence which was a condition of the probation. The next day this Court granted the defendant's emergency application for leave to appeal and ordered a stay of proceedings pending disposition of the appeal.

The only issue presented by the defendant is whether the trial court had the authority to set aside its previous suspension of probation order and to impose the terms of the probation including the six-month sentence.

The issue is controlled by *People v Marks*, 340 Mich 495 (1954), and MCLA 771.2; MSA 28.1132. The Supreme Court specifically held in the *Marks*

case that the defendant's rights were not impinged by an alteration in the probation order made within the statutory five-year period, even though the conditions of the original order had not been violated and its term had expired. They found the court's authority in the aforecited statute which has not since been amended.

In the present case, the judge did not alter the terms of the probation order but merely reinstated them after the termination of the original probation order, but within the five-year statutory period. On the authority of *People* v *Marks, supra,* and MCLA 771.2; MSA 28.1132, we find no error.

Affirmed.