PEOPLE v WAKEFIELD

1. CRIMINAL LAW—MISDEMEANORS—PROBATION—EXTENSION—STAT-
   UTES.

   A court may not extend the term of probation for the conviction
   of an offense not a felony beyond the statutory maximum of
   two years (MCLA 771.2).

2. CRIMINAL LAW—PROBATION—VIOLATION—JURISDICTION.

   A trial court has no jurisdiction to sentence a defendant to prison
   for violation of probation after the expiration of the term of
   probation absent a showing that revocation proceedings were
   pending prior to the end of the probationary period.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 February 13,
1973, at Detroit. (Docket No. 14622.) Decided
March 29, 1973.

Richard Wakefield was convicted, on his plea of
guilty, of attempted larceny in a building and
placed on probation. Probation revoked; defendant
sentenced to prison. Defendant appeals by leave
granted. Reversed and defendant discharged.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas P.
Smith,* Assistant Prosecuting Attorney, for the
people.

*I. Goodman Cohen* (by *Michael S. Friedman),* for
defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 563, 567, 568.

Before: V. J. Brennan, P. J., and Holbrook and Van Valkenburg,* JJ.

Holbrook, J. This is an appeal by the defendant Richard Wakefield, by leave granted, from a sentence of 1-1/2 to 2 years for violation of probation, ordered on July 7, 1972.

On October 23, 1964, defendant pled guilty to the offense of attempted larceny in a business building contrary to MCLA 750.92; MSA 28.287 and MCLA 750.360; MSA 28.592, a circuit court misdemeanor punishable by a sentence to prison of not to exceed two years. On November 6, 1964, defendant was placed on probation for a term of 2 years, which provided *inter alia* that defendant was to pay $1 weekly for fine and/or costs and $3 per week for his court-appointed attorney. Notice of probation violation dated November 4, 1966, and apparently filed November 9, 1966, alleged that defendant had paid only $60 on the assessments ordered. An undated warrant for violation of probation signed by the recorder's court judge was apparently filed November 9, 1966. The original record of the recorder's court shows that a hearing in open court was held on November 10, 1966, wherein it is stated:

"Request of the probation department that a warrant for violation of probation be issued—granted by the court."

Nothing appears in the record from that date until June 30, 1972, when it shows:

"Defendant arraigned in open court on warrant heretofore issued for violation of probation, court orders

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

hearing set for July 7, 1972, bail fixed at $10,000 with 2 sureties."

A hearing was held on July 7, 1972, wherein the defendant pled not guilty and asserted that he had paid the costs to the court. Further, he represented that since payment was made six years earlier he was unable to produce any receipts. Defendant also asserted that it was contrary to due process to proceed against him as a probation violator approximately 5-1/2 years after his probation had terminated.

The trial court found that defendant had violated his probation, revoked his probation, and sentenced him to prison.

The defendant asserts on appeal that it was improper to proceed against him as a probation violator 5-1/2 years after his probation was terminated. He claims that it was a violation of due process and denial of a speedy trial, *In re Evans,* 18 Mich App 426 (1969), by extending the rule applicable to parole-revocation proceedings to summary proceedings on revocation of probation. *People v Hallaway,* 39 Mich App 74 (1972).

This appeal can be disposed of without ruling on the constitutional questions presented.

Under the probation statute, MCLA 771.2; MSA 28.1132, the court had authority to place defendant on probation for a maximum period of two years.[1] Such authority did not permit the court to extend the term of probation. *People v Marks,* 340 Mich 495, 501 (1954).

In the instant case defendant was placed on probation November 6, 1964, and on the same day he signed a receipt for a copy of his probation order. Nothing further was filed in the case until

---

[1] MCLA 750.92(3); MSA 28.287(3).

November 9, 1966, when a notice of probation violation and warrant for violation of probation were filed. On November 10, 1966, at a hearing in open court the trial judge granted a request of the probation department for a warrant for violation of probation.

In 59 Col L Rev 311, 314 (1959), *Legal Aspects of Probation Revocation,* it is stated:

"If probation has not been revoked and revocation proceedings are not pending at the end of the probation period, the probationer is thereafter free of liability to imprisonment for the crime of which he was convicted."

In the case of *United States v Hollien,* 105 F Supp 987, 988 (WD Mich, 1952), the Court ruled that:

"The bench warrant issued by this court for probation violation can be served at any time during his probationary period, and upon a proper hearing and satisfactory proof of such violation, the court can revoke his probation and require him to serve the sentence which was imposed for the offense of which he was convicted."

Absent a showing that revocation proceedings were pending at the end of the two-year period of probation, we are constrained to rule that the trial court lost jurisdiction of the defendant and could not thereafter sentence him to prison.

Reversed and defendant is discharged from custody.

All concurred.