PEOPLE v GLASS

Docket No. 290278. Submitted April 7, 2010, at Detroit. Decided May 13, 2010, at 9:05 a.m.

Brent A. Glass, Jr., pleaded guilty in the Macomb Circuit Court to a charge of larceny from a motor vehicle. He was sentenced in July 2004 to a two-year term of probation. In February 2008, the circuit court, Donald G. Miller, J., determined that defendant was guilty of violating the conditions of his probation and imposed a 25-month to 5-year term of imprisonment for the larceny conviction. Contending that the circuit court lacked jurisdiction to revoke his probation and sentence him to imprisonment because the warrant for the probation violation was issued after his probation term had expired, defendant filed a delayed application for leave to appeal, which the Court of Appeals granted.

The Court of Appeals *held*:

1. A probation revocation must occur, or must at least have been commenced, during the probation period. The "probation period" constitutes the particular term of probation imposed by a sentencing court, not the statutory maximum term of probation that the court has authority to impose. The term "probation period" in MCL 771.4 refers to the specific probation term that the sentencing court has imposed on a particular defendant.

2. The circuit court lacked jurisdiction to revoke defendant's probation and impose a prison sentence because defendant's probation period had already expired before any probation revocation proceedings had commenced. The prison sentence imposed by the circuit court must be vacated and the case must be remanded to the circuit court so that it may discharge defendant from his probation sentence.

Sentence vacated; case remanded.

CRIMINAL LAW — PROBATION — REVOCATION OF PROBATION.

A sentencing court may revoke a defendant's probation if, during the probation period, the court determines that the probationer is likely again to engage in an offensive or criminal course of conduct or that the public good requires revocation of probation; the "probation

period" constitutes the particular term of probation imposed by a sentencing court, not the statutory maximum term of probation the court has authority to impose; probation revocation must occur, or must at least have been commenced, during the probation period (MCL 771.4).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Eric J. Smith*, Prosecuting Attorney, *Robert Berlin*, Chief Appellate Lawyer, and *Joshua D. Abbott*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne M. Yantus*) for defendant.

Before: MARKEY, P.J., and ZAHRA and GLEICHER, JJ.

GLEICHER, J. In May 2004, defendant pleaded guilty of larceny from a motor vehicle, MCL 750.356a(1). The circuit court sentenced defendant in July 2004 to a two-year term of probation. In February 2008, the circuit court found defendant guilty of violating the conditions of his probation and imposed a 25-month to 5-year term of imprisonment for the larceny conviction. We granted defendant's delayed application for leave to appeal. We vacate defendant's February 2008 sentence and remand for a discharge of defendant from his probation sentence.

Defendant avers that the circuit court lacked jurisdiction to revoke his probation and sentence him to imprisonment because the warrant for the probation violation was issued after his probation term had expired. We consider de novo the legal question whether a circuit court possesses subject-matter jurisdiction and legal issues concerning statutory interpretation. *People v Lowe*, 484 Mich 718, 720; 773 NW2d 1 (2009); *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 472; 628 NW2d 577 (2001).

The Court's responsibility in interpreting a statute is to determine and give effect to the Legislature's intent. The statute's words are the most reliable indicator of the

Legislature's intent and should be interpreted based on their ordinary meaning and the context within which they are used in the statute. Once the Court discerns the Legislature's intent, no further judicial construction is required or permitted "because the Legislature is presumed to have intended the meaning it plainly expressed." [*Lowe*, 484 Mich at 721-722 (citations omitted).]

The circuit court opined that it had jurisdiction to revoke defendant's probation and impose a prison sentenced on the basis of *People v Marks*, 340 Mich 495, 498-502; 65 NW2d 698 (1954). Our Supreme Court in *Marks* interpreted 1948 CL 771.2, the predecessor to current MCL 771.2. The defendant in *Marks* caused a motor vehicle accident and faced a charge of felonious operation of an automobile. A jury convicted the defendant, and the trial court sentenced him to probation for three years, during which the defendant could not drive a motor vehicle. *Marks*, 340 Mich at 496. The defendant complied with the conditions of his probation over the course of his three-year probation period. After two people who were injured in the accident with the defendant obtained civil judgments against him, and 4 months and 14 days after the expiration of the defendant's three-year probation term, a probation officer filed a petition to extend the defendant's probation term for two more years and requesting that the court order the defendant to pay restitution to the injured parties. *Id.* at 497. Ultimately, the trial court entered an order extending the defendant's probation term for two years and requiring that he pay restitution. *Id.* at 497-498. The defendant challenged on appeal the trial court's jurisdiction to extend his probation period and alter the conditions of probation "after the original period of probation had expired[.]" *Id.* at 498.

In analyzing the issue regarding jurisdiction to modify probation, our Supreme Court quoted the following portion of 1948 CL 771.2:

"If respondent is convicted of an offense not a felony the period of probation shall not exceed 2 years, and if he is convicted of a felony, it shall not exceed 5 years. The court shall by order, to be filed or entered in the cause as the court may direct by general rule or in each case fix and determine the period and conditions of probation and such order, whether it is filed or entered, shall be considered as part of the record in the cause and shall be at all times alterable and amendable, both in form and in substance, in the court's discretion." [*Marks*, 340 Mich at 498-499.]

Relying on 1948 CL 771.2 and 771.3, and Michigan and United States Supreme Court caselaw, the Michigan Supreme Court held that the trial court had discretion to "alter and amend" the original order of probation:

[W]e, therefore, hold that defendant's rights were not impinged by the alteration in the probation order made within the statutory 5-year period, even though the conditions of the original order had not been violated and its term had expired.

The trial judge, under the statute hereinbefore cited, was at liberty "at all times" within the 5-year period to alter and amend the order "both in form and in substance." [*Id.* at 501-502.]

The Supreme Court reasoned that because 1948 CL 771.2 authorized a probation term of up to five years and allowed a trial court to alter or amend a probation order "at all times," a trial court had the discretion to amend an original order of probation at any time within the statutory five-year period.

The language currently comprising MCL 771.2 bears similarity to the relevant language of its predecessor statute:

(1) Except as provided in [MCL 771.2a],[1] if the defendant is convicted for an offense that is not a felony, the probation period shall not exceed 2 years. Except as provided in [MCL 771.2a] of this chapter, if the defendant is convicted of a felony, the probation period shall not exceed 5 years.

(2) The court shall by order, to be filed or entered in the cause as the court may direct by general rule or in each case, fix and determine the period and conditions of probation. The order is part of the record in the cause. The court may amend the order in form or substance at any time. [MCL 771.2.]

Therefore, MCL 771.2 sets forth the same rule as that enacted in 1948 CL 771.2, and analyzed in *Marks*. See *People v Sherman*, 38 Mich App 219, 220-221; 196 NW2d 15 (1972) (relying on MCL 771.2 and *Marks* in holding that the trial court had authority to reinstate the conditions of a defendant's probation after the original probation period ended, but within the five-year statutory period).

In this case, the circuit court misplaced its reliance on *Marks* because the court did not merely alter or amend the conditions contained in defendant's original order of probation, as contemplated in MCL 771.2(2) and *Marks*. Instead, the circuit court revoked altogether defendant's probation. The Michigan statutory scheme governing probation and Michigan caselaw recognize that a probation revocation must occur, or must at least have been commenced, during the probation period. The Legislature in MCL 771.4 outlined that "[i]f *during the probation period* the sentencing court deter-

---

[1] MCL 771.2a does not apply to this case because it pertains to convictions of stalking, aggravating stalking, child abuse, offenses listed under MCL 28.722 of the Sex Offenders Registration Act, and juveniles placed on probation and committed to an institution or agency described in the Youth Rehabilitation Services Act, MCL 803.301 to 803.309.

mines that the probationer is likely again to engage in an offensive or criminal course of conduct or that the public good requires revocation of probation, the court may revoke probation." (Emphasis added.) Although MCL 771.4 does not specifically define the term "probation period," reference to surrounding, probation-related statutes reflects that the "probation period" constitutes the particular term of probation imposed by a sentencing court. When interpreting statutory language, the language in question "must be read as a whole," and individual words and phrases "should be read in the context of the entire legislative scheme." *Potter v McLeary*, 484 Mich 397, 411; 774 NW2d 1 (2009). "[T]he statute must be interpreted in a manner that ensures that it works in harmony with the entire statutory scheme." *Id.*

Probation-related statutes surrounding MCL 771.4 illustrate that the term "probation period" refers to the particular period of probation that a sentencing court has imposed, not the statutory maximum term of probation that a court has authorization to impose—either two or five years under MCL 771.2(1). For example, MCL 771.5(1) reads:

> When the *probation period* terminates, the probation officer shall report that fact and the probationer's conduct during the *probation period* to the court. Upon receiving the report, the court may discharge the probationer from further supervision and enter a judgment of suspended sentence or extend the *probation period* as the circumstances require, so long as the maximum *probation period* is not exceeded. [Emphasis added.]

Additionally, MCL 771.6 states, "When a probationer is discharged upon the expiration of the *probation period*, or upon its earlier termination by order of the court, entry of the discharge shall be made in the records of

the court, and the probationer shall be entitled to a certified copy thereof." (Emphasis added.) Furthermore, as we previously stated, MCL 771.2(1) authorizes the following "probation period[s]":

> Except as provided in [MCL 771.2a], if the defendant is convicted for an offense that is not a felony, the *probation period* shall not exceed 2 years. Except as provided in [MCL 771.2a], if the defendant is convicted of a felony, the *probation period* shall not exceed 5 years. [Emphasis added.]

A review of the statutory scheme as a whole confirms that the term "probation period" in MCL 771.4 refers to the specific probation term that the sentencing court has imposed on a particular defendant.

In *People v Hodges*, 231 Mich 656, 660-661; 204 NW 801 (1925), the Michigan Supreme Court cautioned that a revocation of probation under 1915 CL 2032, a predecessor to MCL 771.4, could only occur if probation revocation proceedings had commenced before the defendant's probation period concluded. The Supreme Court summarized the following relevant procedural facts, and offered the following analysis of the defendant's contention that "the sentence . . . imposed after the period of probation had expired . . . was, therefore, void":

> On April 9, 1923, Lewis Hodges, who had before that pleaded guilty to a charge of breaking and entering, was placed on probation (1 Comp. Laws 1915, § 2029 *et seq.*). March 16, 1925, the sheriff of the county filed with the clerk an application to have the probation revoked because Hodges had violated the condition of his probation in that he had upon his plea of guilty been convicted of a criminal offense, that of contributing to the delinquency of one Myrtle Miller, a minor under the age of 17 years. On the same day of the filing of this petition, Hodges was in court and . . . it appears that the probation officer was ill and

unable to appear in court and the hearing on the sheriff's petition was adjourned until April 13 .... [Hodges] did appear on the 13th and a hearing was had, and he was sentenced on the original charge. . . .

* * *

Counsel for defendant stresses the language found in section 2032, 1 Comp. Laws 1915, being section 4 of the act [1913 PA 105], that "at any time during the period of probation" the court may revoke the probation, and points out that the order was not actually made until after the period of probation originally fixed had expired. *If no action had been taken during the period of probation a more serious question would be presented. But here the petition to revoke the probation was filed within the period of probation* and we think it must be held that *the filing of this petition within the period of probation gave the court jurisdiction* which was not lost by a reasonable delay incident to a hearing upon it. [*Id.* at 657-661 (emphasis added).]

This Court repeatedly has reaffirmed the probation revocation principles set forth in *Hodges*, 231 Mich at 660-661. In *People v Wakefield*, 46 Mich App 97, 98; 207 NW2d 461 (1973), the Court confronted a situation in which the defendant was sentenced to a two-year probation period on November 6, 1964, and a "[n]otice of probation violation dated November 4, 1966, [was] apparently filed November 9, 1966 . . . ." The Court concluded that "[a]bsent a showing that revocation proceedings were pending at the end of the [defendant's] two-year period of probation, we are constrained to rule that the trial court lost jurisdiction of the defendant and could not thereafter sentence him to prison." *Id.* at 100.

The defendant in *People v Ritter*, 186 Mich App 701, 704; 464 NW2d 919 (1991), received a three-year term of probation on August 17, 1982, which later "was

extended for an additional two years, until August 13, 1987." The sentencing court issued "a petition and bench warrant for" the defendant's arrest on January 30, 1987, for violating the conditions of his probation, the defendant fled Michigan in July 1987, "an amended petition and bench warrant were filed" on October 26, 1988, and after a December 1988 hearing the sentencing court "found defendant guilty of all counts of probation violation," revoked his probation, and "sentenced him to prison for the underlying conviction" in January 1989. *Id.* at 704-705. This Court rejected the defendant's claim that "when his probation term expired on August 13, 1987, the sentencing court lost its power to revoke his probation . . . ." *Id.* at 705. The Court quoted the version of MCL 771.4 then in effect, *id.*, and emphasized the following general rule applicable in Michigan:

> The original petition and bench warrant against defendant alleging violation of the terms of his probation were issued by the sentencing court on January 30, 1987, more than seven months before defendant's probation expired. Michigan courts have traditionally held that the sentencing court retains jurisdiction to revoke a defendant's probation if probation revocation proceedings are commenced within the probation period and are pending when it expires. [*Id.* at 706, citing *Hodges*, 231 Mich 656, and *Wakefield*, 46 Mich App 97.]

The Court further stated:

> [W]e may logically construe the statutory phrase [in MCL 771.4] "[i]f during the period of probation it appears to the sentencing court's satisfaction" to require only that during the probation period the court find that probable cause exists to believe that the defendant has violated his probation in order to justify issuance of a petition to revoke probation and a warrant for the defendant's arrest. . . . [A] petition was filed against defendant on January 30, 1987,

for violations of the probation order which occurred in November and December 1986. Therefore, we conclude that the trial court had jurisdiction to revoke defendant's probation in October 1988 despite the fact that his probation had expired on August 13, 1987.[2]

---

[2] Under the traditional rule set forth in *Hodges, supra*, both the probation violation and the filing of the petition must occur during the probation period. Because the present case meets the requirements of that rule, we need not discuss its validity . . . .

---

[*Id.* at 708.]

See also *People v Valentin*, 220 Mich App 401, 407-408; 559 NW2d 396 (1996) (restating the traditional rule that a sentencing court possesses jurisdiction to revoke probation if the court initiates probation revocation proceedings "before the probation period expired"), aff'd 457 Mich 1 (1998).

The authorities we have examined, MCL 771.4, *Hodges*, 231 Mich at 660-661, *Wakefield*, 46 Mich App at 98-100, *Ritter*, 186 Mich App at 705-708, and *Valentin*, 220 Mich App at 407-408, lead us to the inexorable conclusion in this case that the circuit court lacked jurisdiction to revoke defendant's probation and impose a prison sentence. The circuit court sentenced defendant to a two-year probation period that expired on June 23, 2006. The court did not sign the bench warrant for defendant's arrest for violating the conditions of his probation until February 20, 2007, at the earliest, and the court clerk did not file the warrant until March 2, 2007. Because defendant's probation period had already expired well before any probation revocation proceedings had commenced, the circuit court did not possess jurisdiction to revoke defendant's probation and sentence him to imprisonment. Therefore, we vacate de-

fendant's prison sentence and remand this case to the circuit court so that it may discharge defendant from his probation sentence.[2]

Sentence vacated and case remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[2] Given our resolution of this issue, we need not address defendant's remaining argument about the delay in executing the probation violation warrant.