# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN DAVID VANDERPOOL,

Defendant-Appellant.

FOR PUBLICATION
August 7, 2018
9:05 a.m.

No. 337686
Tuscola Circuit Court
LC No. 13-012652-FH;
16-013674-FH

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

CAMERON, P.J.

Defendant, John David Vanderpool, appeals his sentences imposed for possession of less than 25 grams of a controlled substance (heroin), MCL 333.7403(2)(a)(*v*), second or subsequent offense, MCL 333.7413(2), and for a probation violation. Vanderpool was sentenced to 18 months to 8 years' imprisonment for the possession conviction, with credit for 271 days, and 459 days' imprisonment for the probation violation,[1] with credit for time served. On appeal, Vanderpool contends his conviction and sentences are invalid because the trial court lacked jurisdiction to modify and extend probation three months after his initial term of probation expired. We conclude that the trial court had jurisdiction to modify and extend probation up to the statutory maximum term even after Vanderpool's original probationary period expired. Therefore, we affirm.

## I. BACKGROUND

In June 2013, the trial court sentenced Vanderpool to a two-year term of probation after he pleaded nolo contendere to assaulting a police officer, MCL 750.81d(1), a felony offense. Vanderpool's probation prohibited him from possessing controlled substances and authorized probation agents to conduct compliance checks and search his property. While on probation, Vanderpool did not consistently report as directed to the probation department and did not pay his court ordered fines and costs. His probation was set to expire in June 2015, but the trial court did not enter an order discharging him from probation. In September 2015, approximately three months after Vanderpool's probation sentence expired, Vanderpool's probation officer filed a

---

[1] Probation was revoked.

-1-

petition with the trial court to extend probation one year "to allow for the time [Vanderpool] was on warrant status[2] as well and time to pay his Court ordered fines and fees." Because Vanderpool had not successfully completed probation, the trial court extended Vanderpool's probation to June 2016. On December 30, 2015, probation agents conducting a probationary compliance check found Vanderpool in possession of heroin, resulting in the heroin conviction and the probation revocation at issue in this appeal.

## II. DISCUSSION

Vanderpool argues that the trial court lost jurisdiction to modify and extend his probationary term in September 2015 because his probation expired in June 2015. Accordingly, Vanderpool maintains that, because his probation was not modified and extended before its expiration, the trial court could not later reinstate it and extend the time period. We disagree. We review de novo questions regarding the trial court's subject-matter jurisdiction and issues of statutory interpretation. *People v Glass*, 288 Mich App 399, 400; 794 NW2d 49 (2010).

A probation sentence for a felony conviction may not exceed five years. MCL 771.2(1). Under MCL 771.2(5):

> The court shall, by order to be entered in the case as the court directs by general rule or in each case, fix and determine the period and conditions of probation. The order is part of the record in the case. The court may amend the order in form or substance *at any time*. [Emphasis added.]

Our Supreme Court addressed the exact issue now before this Court, albeit under the prior version of the probation statute. See *People v Marks*, 340 Mich 495, 498-502; 65 NW2d 698 (1954). The probation statute then read:

> The court shall by order, to be filed or entered in the cause as the court may direct by general rule or in each case fix and determine the period and conditions of probation and such order, whether it is filed or entered, shall be considered as part of the record in the cause and shall be *at all times alterable and amendable*, both in form and in substance, in the court's discretion. [*Id*. at 499 (emphasis added).]

After interpreting this provision, the *Marks* Court concluded that trial courts retain jurisdiction to modify probation at any time within the five-year statutory period, even after the original probation period expires. *Id*. at 501. ("[W]e therefore hold that defendant's rights were not impinged by the alteration in the probation order made within the statutory 5-year period, even though the conditions of the original order had not been violated and its term had expired."). We are now tasked with interpreting the recent version of MCL 771.2(5) in light of *Marks*.

---

[2] "Warrant status" appears to refer to the time Vanderpool failed to report to the probation department and a warrant was issued for his failure to appear.

The initiation of probation revocation proceedings under MCL 771.4 and the modification of probation orders under MCL 771.2(5) differ significantly. Probation revocation proceedings must commence during the "probation period." *Glass*, 288 Mich App at 408-409. The "probation period" is defined as "the specific probation term that the sentencing court has imposed on a particular defendant[,]" not the statutory maximum term of probation. *Glass*, 288 Mich App at 405. During the "probation period," an order for probation is "revocable in any manner the court that imposed probation considers applicable either for a violation or attempted violation of a probation condition . . . ." MCL 771.4. Unlike revocations, MCL 771.2(5) allows for modification "at any time" and does not refer to the "probation period." If the Legislature has included language in one part of a statute and omitted it from another part, courts should assume that the omission was intentional. *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551, 565; 741 NW2d 549 (2007). We conclude that the omission of the term "probation period" from MCL 771.2(5) was intentional, and we see no conflict between *Marks* and *Glass*.[3] Therefore, we hold that a trial court has the authority to modify and extend probation at any time within the statutory maximum period, even after the initial probation period expires.

In this case, the trial court had jurisdiction to extend Vanderpool's probation. The original probation term had expired when the trial court extended Vanderpool's probation, but the one-year extension of probation was within the five-year statutory maximum period allowed for felony convictions under MCL 771.2(1). Importantly, the trial court had not entered an order discharging Vanderpool from probation pursuant to MCL 771.6. Instead, the trial court modified probation two months before the compliance check, so the terms of Vanderpool's original probation were still in effect at that time. Therefore, the compliance check was proper, and Vanderpool's possession of heroin violated his probation. The trial court initiated probation revocation proceedings after the discovery of the heroin but before Vanderpool's extended probationary period expired. Accordingly, the trial court had jurisdiction to revoke Vanderpool's probation.

The dissent claims that Vanderpool's due process rights were violated because he did not have notice that his probation was extended. The dissent suggests that Vanderpool was blindsided by the extension because "defendant was told in June 2015 by the probation department he no longer had to report." The implication of this assertion is not supported by the record. The court file demonstrates that Vanderpool was well aware that his probation had been extended; in fact, he was reporting to his probation agent after his probation was extended. The court file reveals that on November 12, 2015—after the probation extension but before the search of his house—Vanderpool's probation agent petitioned the trial court for a bench warrant

---

[3] We also fail to see how *Gagnon v Scarpelli*, 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), calls *Marks* into question. *Gagnon*, 411 US at 782, held that a defendant has a due process right to a preliminary probable cause hearing regarding an alleged probation violation and a final hearing before the revocation of probation, which is distinct from the extension of probation. Additionally, the trial court in this case advised Vanderpool that he was entitled to a hearing on the probation violation. Vanderpool instead pleaded guilty to the probation violation after his motion to dismiss the charges was unsuccessful.

because Vanderpool violated his probation by testing positive for opiates. A subsequent probation violation warrant issued on December 3, 2015, further reveals that after Vanderpool was arrested for an unspecified offense on November 18, 2015, he *stopped* "report[ing] on a weekly basis to the probation office" and "[h]is whereabouts [were] unknown at [that] time." Thus, Vanderpool clearly knew he was still on probation when he was later caught with heroin.[4]

Moreover, the dissent claims Vanderpool was entitled to a hearing before the trial court made any "amendment, modification, or extension of probation." Our courts have continually rejected this position. See, e.g., *Marks*, 340 Mich at 501; *People v Britt*, 202 Mich App 714, 716; 509 NW2d 914 (1993); *People v Kendall*, 142 Mich App 576, 579; 370 NW2d 631 (1985). In short, because the trial court modified Vanderpool's probation within the five-year statutory limit and the revocation occurred while the new probation order was in effect, the trial court had jurisdiction to modify and subsequently revoke Vanderpool's probation.

Affirmed.

/s/ Thomas C. Cameron

---

[4] Further, courts speak through their written orders, and Vanderpool remained under the jurisdiction of the trial court until he completed his terms and conditions of probation, until he was officially discharged, or until the expiration of the five years. Vanderpool was never discharged from probation and he never completed his terms and conditions of probation. In fact, Vanderpool was informed that his probation was being extended. Rather than find a violation of probation, the trial court extended Vanderpool's probation to allow him to satisfactorily complete his terms and conditions of probation.