Cameron, P.J.
*495 Defendant, John David Vanderpool, appeals the sentences imposed following his conviction of possession of less than 25 grams of a controlled substance (heroin), MCL 333.7403(2)(a)(v ), second or subsequent offense, MCL 333.7413(2), and for a probation violation. Vanderpool was sentenced to 18 months to 8 years' imprisonment for the possession conviction, with credit for 271 days served, and to 459 days' imprisonment for the probation violation,[1] also with credit for time served. On appeal, Vanderpool contends that his conviction and sentences are invalid because the trial court lacked jurisdiction to modify and extend *496 probation three months after his initial term of probation had expired. We conclude that the trial court had jurisdiction to modify and extend probation up to the statutory maximum term even after Vanderpool's original probationary period expired. Therefore, we affirm.
I. BACKGROUND
In June 2013, the trial court sentenced Vanderpool to a two-year term of probation after he pleaded nolo contendere to assaulting a police officer, MCL 750.81d(1), a felony offense. Vanderpool's probation prohibited him from possessing controlled substances and authorized probation agents to conduct compliance checks and search his property. While on probation, Vanderpool did not consistently report as directed to the probation department and did not pay his court-ordered fines and costs. His probation was set to expire in June 2015, but the trial court did not enter an order discharging him from probation. In September 2015, approximately three months after Vanderpool's probation sentence had expired, Vanderpool's probation officer filed a petition with the trial court *916 to extend probation one year "to allow for the time [Vanderpool] was on warrant status[2 ]... as well and time to pay his Court ordered fines and fees." Because Vanderpool had not successfully completed probation, the trial court extended Vanderpool's probation to June 2016. On December 30, 2015, probation agents conducting a probation-compliance check found Vanderpool in possession of heroin, resulting in the heroin conviction and the probation revocation at issue in this appeal. *497 II. DISCUSSION
Vanderpool argues that the trial court did not have jurisdiction to modify and extend his probationary term in September 2015 because his probation had expired in June 2015. Vanderpool maintains that because his probation was not modified and extended before its expiration, the trial court could not later reinstate his probation and extend the probation period. We disagree. We review de novo questions regarding the trial court's subject-matter jurisdiction and issues of statutory interpretation. People v. Glass , 288 Mich. App. 399, 400, 794 N.W.2d 49 (2010).
A probation sentence for a felony conviction may not exceed five years. MCL 771.2(1). Under MCL 771.2(5),
[t]he court shall, by order to be entered in the case as the court directs by general rule or in each case, fix and determine the period and conditions of probation. The order is part of the record in the case. The court may amend the order in form or substance at any time . [Emphasis added.]
Our Supreme Court addressed the exact issue now before this Court, albeit under the prior version of the probation statute. See People v. Marks , 340 Mich. 495, 498-502, 65 N.W.2d 698 (1954). The probation statute then read:
The court shall by order, to be filed or entered in the cause as the court may direct by general rule or in each case fix and determine the period and conditions of probation and such order, whether it is filed or entered, shall be considered as part of the record in the cause and shall be at all times alterable and amendable , both in form and in substance, in the court's discretion. [ Id . at 499, quoting 1948 CL 771.2 (quotation marks omitted; emphasis added).]
After interpreting this provision, the Marks Court concluded that trial courts retain jurisdiction to modify *498 probation at any time within the five-year statutory period, even after the original probation period expires. Id . at 501, 65 N.W.2d 698. ("[W]e therefore hold that defendant's rights were not impinged by the alteration in the probation order made within the statutory 5-year period, even though the conditions of the original order had not been violated and its term had expired."). We are now tasked with interpreting the current version of MCL 771.2(5) in light of Marks .
The initiation of probation-revocation proceedings under MCL 771.4 and the modification of probation orders under MCL 771.2(5) differ significantly. Probation revocation proceedings must commence during the "probation period." Glass , 288 Mich. App. at 408. The "probation period" is defined as "the specific probation term that the sentencing court has imposed on a particular defendant" not the statutory maximum term of probation. Id . During the "probation period," a probation *917 order is "revocable in any manner the court that imposed probation considers applicable either for a violation or attempted violation of a probation condition...." MCL 771.4. Unlike revocations, MCL 771.2(5) authorizes the modification of probation "at any time," and does not refer to the "probation period," and in no way requires that modification occur within that period. If the Legislature has included language in one part of a statute and omitted it from another part, courts should assume that the omission was intentional. Griswold Props., LLC v. Lexington Ins. Co. , 276 Mich. App. 551, 565, 741 N.W.2d 549 (2007). We conclude that the omission of the term "probation period" from MCL 771.2(5) was intentional, and we see no conflict between Marks and Glass .[3] Therefore, we hold that a *499 trial court has the authority to modify and extend probation at any time within the statutory maximum period, even after the initial probation period expires.
In this case, the trial court had jurisdiction to extend Vanderpool's probation. The original probation term had expired when the trial court extended Vanderpool's probation, but the one-year extension of probation was within the five-year statutory maximum period allowed for felony convictions under MCL 771.2(1). Importantly, the trial court had not entered an order discharging Vanderpool from probation pursuant to MCL 771.6. Instead, the trial court modified probation two months before the compliance check, so the terms of Vanderpool's original probation were still in effect at that time. Therefore, the compliance check was proper, and Vanderpool's possession of heroin violated his probation. The trial court initiated probation-revocation proceedings after the discovery of the heroin but before Vanderpool's extended probationary period expired. Accordingly, the trial court had jurisdiction to revoke Vanderpool's probation.
The dissent claims that Vanderpool's due-process rights were violated because he was not given notice that his probation was extended or an opportunity to challenge that a probation extension was justified. This assertion is not supported by the record. The court file demonstrates that Vanderpool was given notice *500 that his probation had been extended because he reported to his probation agent after his probation extension. The court file reveals that on November 12, 2015-after the probation extension but before the search of his house- Vanderpool's probation agent petitioned the trial court for a bench warrant because Vanderpool violated his probation by testing positive for opiates. A subsequent probation-violation warrant issued on December 3, 2015, further reveals that after Vanderpool was arrested for an unspecified offense on November 18, 2015, he stopped "report[ing] on a weekly basis to the probation office" and "[h]is whereabouts [were] unknown at [that] time." Vanderpool's conduct of reporting to his probation agent demonstrates that he was provided notice that he was still on probation when he was later caught with heroin.[4] *918 Moreover, the dissent claims Vanderpool was entitled to an evidentiary hearing before the trial court was able to make any "amendment, modification, or extension of probation." In other words, the dissent would have this Court establish a rule that probation modifications are to be treated the same as probation violations and revocations, which require an evidentiary hearing. Our courts have continually rejected this position. See, e.g., Marks , 340 Mich. at 501, 65 N.W.2d 698 ; People v. Britt , 202 Mich. App. 714, 716, 509 N.W.2d 914 (1993) ; *501 People v. Kendall , 142 Mich. App. 576, 579, 370 N.W.2d 631 (1985). In short, because the trial court modified Vanderpool's probation within the five-year statutory limit and the revocation occurred while the new probation order was in effect, the trial court had jurisdiction to modify and subsequently revoke Vanderpool's probation.
Affirmed.
O'Connell, J. (concurring).
I concur with Judge Cameron's well-written opinion. I write separately to draw attention to the legal insufficiency of the dissenting opinion.
The dissent agrees that the trial court had the authority to extend probation but takes issue with the procedure for doing so. The dissent contends that the majority failed to address Vanderpool's due-process rights. Neither defendant, John David Vanderpool, nor the dissent identifies a constitutional inadequacy in the procedure for extending or amending probation.
First, the dissent overextends the legal concept stated in People v. Eason , 435 Mich. 228, 233; 458 N.W.2d 17 (1990), that due process requires the prosecution to provide a defendant with notice of the criminal charges and to prove the statutory elements of the offense beyond a reasonable doubt. This principle is unquestionably true for obtaining a conviction. After a defendant has been convicted, however, "[p]robation is a matter of legislative grace." People v. Glenn-Powers , 296 Mich. App. 494, 502; 823 N.W.2d 127 (2012). Even in a probation-revocation proceeding, a defendant has limited constitutional rights compared to a criminal trial. People v. Breeding , 284 Mich. App. 471, 481; 772 N.W.2d 810 (2009).
In addition, the probation officer, not the prosecution, filed the petition to extend probation, and the *502 burden of proof for obtaining a conviction is more stringent than the burden of proving a probation violation. A probation officer's primary function is to oversee the probationer's rehabilitation. Gagnon v. Scarpelli , 411 U.S. 778, 784, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In this case, the probation officer extended probation to account for the time Vanderpool was subject to a bench warrant for failing to participate in a presentence investigation interview after pleading nolo contendere to assaulting a police officer, MCL 750.81d(1). Soon after the trial court signed off on the petition to extend probation, the probation officer requested four bench warrants in two months for numerous violations of probation, including possession of heroin, a scale for distribution, and other drug paraphernalia. Only after the probation officer obtained these bench warrants did the prosecution attend hearings regarding the probation *919 violations.[1] Moreover, the prosecution bears the burden of proving a probation violation by a preponderance of the evidence. Breeding , 284 Mich. App. at 487, 772 N.W.2d 810. These characteristics unique to probation do not support the extension of due-process principles governing a criminal trial to a postconviction extension of probation.
Finally, the difference between the loss of liberty, following revocation of probation, and a constraint on liberty, imposed by the continuation of probation, is significant. In Gagnon , 411 U.S. at 781-782, 93 S.Ct. 1756, the ruling *503 that due process required a preliminary hearing and a final hearing before probation could be revoked arose out of a concern for the defendant's loss of liberty. By contrast, extending probation does not give rise to a comparable loss of liberty. Applying the procedural protections for a probationer facing revocation to an extension or amendment of probation is unwarranted.
Due process is a balancing act. See Morrissey v. Brewer , 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The procedure for extending or amending probation already satisfies due process. See People v. Marks , 340 Mich. 495, 501, 65 N.W.2d 698 (1954).

The trial court revoked defendant's probation.

"Warrant status" appears to refer to the period of time during which Vanderpool stopped reporting to the probation department and was subject to a warrant because of his failure to appear.

We also fail to see how Gagnon v. Scarpelli , 411 U.S. 778; 93 S.Ct. 1756; 36 L.Ed.2d 656 (1973), calls Marks into question. Gagnon , id . at 782, held that a defendant has a due-process right to a preliminary probable-cause hearing regarding an alleged probation violation and a final hearing before the revocation of probation. This procedure, which is distinct from the procedure to extend probation, was afforded to defendant when he was arraigned on the probation violation and later waived his right to a hearing and pleaded guilty to violating his probation. Gagnon cannot be read to create a new substantive due-process right that an evidentiary hearing must take place before a trial judge can modify or extend a probation order.

Further, courts speak through their written orders, and Vanderpool remained under the jurisdiction of the trial court until he completed the terms and conditions of his probation, until he was officially discharged, or until the expiration of the five years. Vanderpool was never discharged from probation, and he never completed the terms and conditions of his probation. In fact, Vanderpool was informed that his probation was being extended. Rather than find a probation violation, the trial court extended Vanderpool's probation to allow him to satisfactorily complete the terms and conditions of his probation.

The majority takes the position that the record indicates defendant knew he was still on probation. The majority bases its position on the following: (1) that defendant was aware that he had not yet paid all court-ordered costs and fees; (2) that after his probation had been extended, but before the December 2015 search, defendant's probation agent had petitioned the trial court for a bench warrant because defendant had tested positive for opiates; and (3) that a subsequent bench warrant issued on December 3, 2015, revealed that defendant had been arrested on November 18, 2015, after he stopped reporting to his probation agent on a weekly basis. These facts do not, however, sway my position that due process required that defendant have notice and a hearing before the trial court's entry of an order extending his probation.