# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 24, 2018

156474

Stephen J. Markman,
*Chief Justice*

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
*Justices*

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

MATTHEW GALLOWAY,
        Defendant-Appellant.

SC: 156474
COA: 331492
Oakland CC: 2000-173801-FH

_____/

On order of the Court, the application for leave to appeal the June 8, 2017 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, and we REINSTATE the December 9, 2015 order of the Oakland Circuit Court ending the defendant's obligation to register under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* The April 11, 2001 judgment of sentence specifies that the defendant is not required to register as a sex offender, and the trial court did not purport to amend that judgment. The court's October 24, 2002 order amending the order of probation to add sex offender registration as a condition of probation did not, and could not, extend the registration requirement beyond the term of probation. The authority to require compliance with SORA ended, at the very latest, after expiration of the five-year maximum period of probation that the trial court could have imposed. See *People v Marks*, 340 Mich 495, 501-502 (1954). As the April 11, 2001 judgment of sentence is the operative judgment in this case, the trial court's December 9, 2015 order properly ruled that the defendant is not required to register under SORA. The defendant is not required to file a motion for relief from judgment under MCR 6.501 *et seq.*, because the order of probation has expired, and he is not seeking relief from his judgment of conviction and sentence, which provides that he is not required to comply with SORA. Regardless of the form of the defendant's motion, the trial court properly recognized the lack of authority to act contrary to the final judgment in the case.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2018



Clerk

a1017