*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee

v

CARMIA GIVENS, also known as CHANTEL NEAL and CIARA LEE,

Defendant-Appellant.

UNPUBLISHED
November 10, 2022

No. 359047
Wayne Circuit Court
LC No. 19-003897-01-FH

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the order denying defendant's motion to correct her presentence investigation report (PSIR) and sentencing information report. Defendant pleaded *nolo contendere* to one count of felonious assault, MCL 750.82, and the trial court sentenced her as a fourth-offense habitual offender, MCL 769.12, to two years' probation with the first year to be served in the Wayne County Jail. Defendant's arguments on appeal concern the scoring of various offense variables (OVs). We decline to consider the arguments raised on appeal because they are moot.

## I. BACKGROUND

This case arises from the felonious assault of Elaina Sanders by defendant at an apartment leased to Sanders who did not reside there at the time. Instead, Sanders's brother, Lester Newsome, lived there. Defendant met Newsome and stayed with him for several days at the apartment. When Newsome asked defendant to leave, defendant picked up a knife and started behaving violently. Newsome texted Sanders to come to the apartment. Defendant swung the knife at Sanders, so Sanders backed away from the door and went to the main office of the apartment building to contact police. When the police officers and Sanders went into the apartment, they found that

---

[1] *People v Givens*, unpublished order of the Court of Appeals, entered January 4, 2022 (Docket No. 359047).

defendant had locked herself in the back bedroom. Officers obtained access to the bedroom and removed defendant from the apartment, taking her for a psychiatric evaluation before going to the Detroit Detention Center.

Defendant requested a *Cobbs*[2] evaluation. The trial court stated it would consider a sentence of two years' probation, with the first year to be served in the Wayne County Jail, with other conditions identified. Defendant pleaded *nolo contendere* to one count of felonious assault. Defendant's recommended minimum sentence range under the sentencing guidelines was calculated as 17 to 60 months' imprisonment. Defendant attested that no modifications, corrections, or deletions to the PSIR were necessary. The trial court honored the *Cobbs* agreement and sentenced defendant to two years' probation with the first year to be served in the Wayne County Jail along with various other requirements.

Later, defendant moved to correct the PSIR arguing that several OVs were improperly assessed points resulting in an incorrect guidelines range. Defendant asserted that the correct guidelines range equaled 14 to 58 months' imprisonment. Defendant, however, did not request resentencing because her sentence comported with the *Cobbs* evaluation and fell within the correct guidelines range of 14 to 58 months.

The trial court held hearings addressing the motion to correct the PSIR, but denied defendant's motion. The trial court reasoned that since defendant had the opportunity to address the matter at sentencing but did not do so, according to MCR 6.429, defendant's method to obtain relief would be a proper motion for resentencing. The trial court further concluded: "This court does not have the ability to su[a] sponte make the change[,]" and therefore, could not correct the assessment of points for various OVs. This appeal followed. On September 4, 2022, defendant was discharged from probation.

## II. ANALYSIS

"It is well established that a court will not decide moot issues." *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010), amended 486 Mich 1041 (2010). "[A] moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, . . . or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *Id*. at 34-35 (quotation marks and citations omitted; ellipsis in original).

Defendant's arguments on appeal concern the scoring of certain OVs. Defendant, however, obtained discharge from probation on September 4, 2022. Because defendant's probation period has expired, the trial court lacks jurisdiction to revoke defendant's probation and sentence her to a term of imprisonment. See *People v Glass*, 288 Mich App 399, 408; 794 NW2d 49 (2010). Relatedly, the trial court lacks jurisdiction to extend, or amend, defendant's probationary period after it has already expired. See *People v Vanderpool*, 505 Mich 391, 398; 952 NW2d 414 (2020).

---

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

Moreover, this Court fails to see how the challenged OVs would impact defendant in future criminal proceedings. First, prior record variables are assessed points based on an offender's prior convictions, and defendant is not challenging her plea-based felonious assault conviction. See MCL 777.50 to MCL 777.57. Second, OVs are generally offense-specific. See *People v McGraw*, 484 Mich 120, 124; 771 NW2d 655 (2009) ("The sentencing offense determines which offense variables are to be scored in the first place, and then the appropriate offense variables are generally to be scored on the basis of the sentencing offense.") (quotation marks and citation omitted). Defendant's OVs in this matter, therefore, will not impact defendant in the future if she is convicted of another felony. It would be a waste of judicial resources to remand the matter to the trial court for proceedings in this regard which would have no practical legal effect in this case. Accordingly, the issue is moot precluding this Court from considering the merits of defendant's claim of error. The appeal is dismissed.

/s/ Kristina Robinson Garrett
/s/ Colleen A. O'Brien
/s/ James Robert Redford