# Syllabus

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v VANDERPOOL

Docket No. 158486. Argued on application for leave to appeal November 6, 2019. Decided July 13, 2020.

In August 2016, John D. Vanderpool pleaded no contest to possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*), second offense, and to violating probation. On June 24, 2013, Vanderpool had been sentenced to a two-year term of probation after pleading guilty to assaulting a police officer. Vanderpool's term of probation expired on June 25, 2015. On September 23, 2015, a probation officer petitioned the Tuscola Circuit Court to extend Vanderpool's term of probation until June 25, 2016. Without providing Vanderpool notice or a hearing on the petition, the court, Amy Grace Gierhart, J., granted the petition and purported to extend Vanderpool's term of probation until June 25, 2016. On December 4, 2015, probation officers conducted a compliance check at Vanderpool's residence and found heroin that Vanderpool admitted belonged to him. Vanderpool was arrested on December 30, 2015, when he was again found in possession of heroin, and he was subsequently charged with two counts of possession with intent to deliver heroin and violating probation. Vanderpool moved to suppress the evidence found during the compliance check on the basis that it was not authorized because the circuit court had lacked the authority to extend his term of probation after it had expired. The circuit court denied the motion, and Vanderpool pleaded no contest to one count of possession of heroin and to violation of probation. The Court of Appeals granted Vanderpool's delayed application for leave to appeal. In a split decision, the Court of Appeals, CAMERON, P.J. (O'CONNELL, J., concurring, and JANSEN, J., concurring in part and dissenting in part), affirmed Vanderpool's conviction. 325 Mich App 493 (2018). The Supreme Court ordered and heard oral argument on whether to grant Vanderpool's application for leave to appeal. 504 Mich 872 (2019).

In an opinion by Justice CAVANAGH, joined by Chief Justice MCCORMACK and Justices BERNSTEIN and CLEMENT, the Supreme Court *held*:

When read together, MCL 771.2 through MCL 771.6 require the result that after Vanderpool's term of probation expired on June 25, 2015, the circuit court no longer had the authority to extend his probationary period under MCL 771.5(1) or to amend it under MCL 771.2(5). On June 25, 2013, the court fixed Vanderpool's probationary period, as required by MCL 771.2(1), at two years; the two-year period ended on June 25, 2015. Under MCL 771.5(1), on or before that date, Vanderpool's probation officer was required to report on his conduct during the probationary term. Pursuant to that statute, upon receiving that report, the court would have

had the choice to either discharge Vanderpool from probation or extend the probationary period. However, Vanderpool's probation officer did not report on Vanderpool's conduct on or before the two-year term of probation ended on June 25, 2015. Therefore, Vanderpool's period of probation terminated on that date. When Vanderpool's probation officer sought to extend the probation period on September 23, 2015, the court no longer had statutory authority to do so because the period had already terminated under MCL 771.5(1) or expired under MCL 771.6. Logically, once a period has expired, or come to an end, it cannot be extended. Further, the circuit court's authority to extend the probation period is conditioned under MCL 771.5(1) upon its receiving the report of the probation officer, which must be provided to the court "when the probation period terminates"; the court's attempt to extend the probation period several months after it had terminated did not align with this statutory language. The court also lacked authority to amend the probationary period by extending it after it expired. MCL 771.2(5) allows the court to amend a probation order "at any time" while a defendant is under the order of probation. Once the order expired in this case, the court could no longer amend it. The Court of Appeals' reliance on *People v Marks*, 340 Mich 495 (1954), in concluding that MCL 771.2(5) and MCL 771.4 require a contrary outcome was misplaced. *Marks* did not address whether the predecessor to MCL 771.2 allowed a probation order that had expired to be amended. *Marks* also relied on *Burns v United States*, 287 US 216 (1932), which addressed probation revocation during the period of probation. *Burns* therefore did not dictate the result in this case, in which probation was extended after the probationary term expired. Additionally, whether Vanderpool was discharged from probation did not depend on whether the court had entered an order discharging him. Vanderpool was discharged from probation when the period of probation ended because he was relieved of his duty to comply with the terms of probation as of that date. MCL 771.6 recognizes that a probationer is simply discharged from probation upon expiration of the probationary period, which does not require any action by the court.

Reversed and remanded.

Justice ZAHRA, joined by Justices MARKMAN and VIVIANO, dissenting, disagreed with the majority's statutory analysis. MCL 771.2(5) permits the circuit court to amend an order of probation "at any time," in contrast to the language of MCL 771.4, which requires that a revocation proceeding commence during the "probation period." The lack of reference in MCL 771.2(5) to the defendant's "probation period" must be considered intentional in light of the Legislature's use of the broader "at any time" language in MCL 771.2(5). Accordingly, MCL 771.2(5) indicates that the Legislature did not limit a circuit court's authority to amend a probation order to the "probation period," and instead, the court may amend an order "at any time" within the statutory maximum period of five years, even after the expiration of the originally imposed period of probation. The majority's contrary conclusion relies heavily on the reporting requirement in MCL 771.5(1) and adds a temporal requirement. A probation officer is not required by the statute to furnish to the court a report on the defendant's conduct during probation at the very moment of the defendant's discharge. Rather, the statute anticipates a sequence of events that occur following the termination of the probation period, including the preparation and presentation of the probation officer's report, which necessarily means the court's jurisdiction extends past the expiration of the defendant's originally imposed period of probation. A defendant is not automatically discharged from probation when the probation period expires. MCL 771.2(1) makes clear that a trial court maintains jurisdiction over an individual convicted of a felony for up to five years; therefore, Vanderpool should have been aware that his order of probation was subject to extension until he

received an order of discharge from the court. Justice ZAHRA agreed with the Court of Appeals that due process did not require that Vanderpool receive notice and an opportunity for a hearing before the court extended the order of probation. Although *Gagnon v Scarpelli*, 411 US 778 (1973), extends due-process protections to the revocation of probation, the extension of probation does not result in the type of loss of liberty that is caused by revocation of parole or probation; due-process protections therefore need not be afforded to defendants before probation is extended.

©2020 State of Michigan

# OPINION

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

FILED July 13, 2020

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                         No. 158486

JOHN DAVID VANDERPOOL,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

While conducting a probation compliance check on defendant John D. Vanderpool's house, a probation agent found heroin. Defendant admitted that the heroin belonged to him. A few weeks later, defendant was arrested and was again found in possession of heroin. He was charged with two counts of possession with intent to deliver heroin and with violating probation. Defendant moved to suppress evidence from the compliance check, arguing that the search was illegal because he was not on probation at the time of the search, but the circuit court denied the motion. Defendant pleaded no contest to having

violated probation and to having possessed less than 25 grams of a controlled substance, MCL 333.7403(2)(a)(*v*), second offense. Defendant has appealed, arguing that because he was not on probation when his home was searched, the search was unlawful. We agree. While the circuit court attempted to extend defendant's probation before the compliance check, because the term of probation had already expired, the court did not have the authority to extend it. Consequently, the warrantless search of defendant's home was not justified. Accordingly, we reverse the Court of Appeals' judgment and remand to the Tuscola Circuit Court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was sentenced to a two-year term of probation on June 25, 2013, after pleading no contest to assaulting a police officer. The terms of probation included a prohibition on the use or possession of controlled substances and authorization of compliance checks permitting probation officers to search his property. The two years passed; June 25, 2015, came and went; and defendant's term of probation expired without the circuit court either discharging defendant from probation or extending his probation. On September 23, 2015, defendant's probation officer filed a Petition for Amendment of Order of Probation, which requested that defendant's term of probation be "extended" until June 25, 2016, "to allow for the time he was on warrant status as well [as] time to pay his Court ordered fines and fees." The circuit court—without notice or a hearing—granted the petition and "extended" defendant's probation, setting a new expiration date of June 25, 2016.

2

The record is unclear whether defendant continued to comply with the terms of his probation, or whether he was asked to comply with the terms of his probation, following its expiration on June 25, 2015, until its "extension" on September 23, 2015. On November 12, 2015, however, defendant's probation officer sought to have him arrested for failing a drug screen. On December 3, 2015, another arrest warrant indicated defendant had "stopped" reporting to the probation office on a weekly basis, though the order did not indicate when he stopped. On December 4, 2015, probation officers conducted a compliance check of defendant's home and found heroin, which defendant admitted belonged to him. Defendant was not arrested that day, but was arrested on December 30, 2015, when a deputy responded to a tip regarding his location and warrant status. At the time of his arrest, defendant was again found in possession of heroin, and he was charged with two heroin offenses as well as violating probation.

Defendant moved to suppress the evidence produced in the search, arguing that the December 4, 2015 compliance check was not authorized because the circuit court lacked the authority to extend his probation after it had expired. The circuit court denied the motion, and defendant pleaded no contest to one charge of possession of less than 25 grams of heroin, second offense, and to the probation-violation charge. Defendant was sentenced to concurrent prison terms of 18 months to 8 years for the heroin conviction and 459 days for the probation-violation conviction.

The Court of Appeals granted defendant's application for leave to appeal but affirmed his convictions in a split decision. *People v Vanderpool*, 325 Mich App 493; 925 NW2d 914 (2018). Defendant sought leave to appeal here, and this Court scheduled oral argument on the application, directing the parties to address whether the circuit court had

3

jurisdiction to extend defendant's probationary term on September 23, 2015, and whether the extension of the probationary term without notice and a hearing violated defendant's due-process rights. *People v Vanderpool*, 504 Mich 872, 872 (2019).

## II. STANDARD OF REVIEW

This Court reviews de novo questions of both statutory interpretation, *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019), and constitutional law, *People v Hammerlund*, 504 Mich 442, 451; 939 NW2d 129 (2019).

## III. ANALYSIS

Several statutory provisions are relevant to our analysis in this case. MCL 771.2(1) limits the probationary period for a felony to five years.[1] MCL 771.2(5) requires the sentencing court to set the period and conditions of probation and allows the court to amend the order of probation "at any time":

> The court shall, by order to be entered in the case as the court directs by general rule or in each case, fix and determine the period and conditions of probation. The order is part of the record in the case. The court may amend the order in form or substance at any time. If the court reduces a defendant's probationary term under subsection (2), the period by which that term was reduced must be reported to the department of corrections.

---

[1] Even under the prosecution's reading of the statute, defendant would have been discharged June 23, 2018. If the only relief defendant sought were discharge from probation, this case might be in danger of being rendered moot by the passage of time. However, defendant also seeks to have his convictions vacated, arguing that they flowed from evidence that was improperly obtained during the compliance check. Further, even regarding discharge from probation, the relatively short timelines involved in probation cases compared with the often sluggish pace of the appellate process might make this situation one that is capable of repetition, yet evading review. See *People v Kaczmarek*, 464 Mich 478, 481; 628 NW2d 484 (2001).

4

The court can revoke probation "during the probation period." MCL 771.4. The end of the probationary period and the probation officer's duties at that time are directed by MCL 771.5(1):

> When the probation period terminates, the probation officer shall report that fact and the probationer's conduct during the probation period to the court. Upon receiving the report, the court may discharge the probationer from further supervision and enter a judgment of suspended sentence or extend the probation period as the circumstances require, so long as the maximum probation period is not exceeded.

Finally, MCL 771.6 requires a record of discharge.

When interpreting a statute, a court's duty is to "discern the legislative intent that may reasonably be inferred from the words expressed in the statute by according those words their plain and ordinary meaning." *Sotelo v Grant Twp*, 470 Mich 95, 100; 680 NW2d 381 (2004). Statutory words and phrases are to be "understood according to the common and approved usage of the language," except when a "peculiar" legal meaning has attached. MCL 8.3a. The common meaning of statutory words and phrases takes into account the context in which the words are used. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). In giving meaning to the statute, "we examine the provision[s] within the overall context of the statute 'so as to produce, if possible, a harmonious and consistent enactment as a whole.' " *People v Cunningham*, 496 Mich 145, 153-154; 852 NW2d 118 (2014), quoting *Grand Rapids v Crocker*, 219 Mich 178, 182-183; 189 NW 221 (1922). Statutory provisions "cannot be read in isolation, but instead must be read reasonably and in context." *Cunningham*, 496 Mich at 154. Reading various probation statutes together, we conclude that after June 25, 2015, when defendant's probationary period expired, the circuit court had neither the authority to "extend"

5

defendant's probationary period under MCL 771.5(1) nor to "amend" the probationary period under MCL 771.2(5).

The circuit court fixed defendant's probationary period, as required by MCL 771.2(1), at two years on June 25, 2013. That two-year period ended on June 25, 2015. On or before that date, the probation officer was required to report the termination of the probationary period to the circuit court and report on defendant's conduct during the probationary period. MCL 771.5(1). Upon receiving that report, the circuit court would have had the choice of discharging defendant or extending the probationary period. *Id*. However, defendant's probation officer did not notify the circuit court or report on defendant's conduct on or before June 25, 2015. Defendant's period of probation therefore terminated on that date.

When defendant's probation officer sought to "extend" defendant's probationary period on September 23, 2015, there was no statutory authority to do so because the period had already "terminate[d]," MCL 771.5(1), or "expir[ed]," MCL 771.6. "Terminate" means "to form an ending" and "to come to an end in time." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Expire" means "to come to an end." *Id*. The most relevant definition of "extend" is "to cause to be longer[;] prolong." *Id*. The order of probation was signed on June 25, 2013, and set a two-year term of probation. By its own terms, the order of probation ended the period of probation on June 25, 2015. A probationary period that has terminated is over. And therefore, logically, once a period has terminated, it cannot be made longer (extended).

Additionally, the circuit court's authority to "extend" the probationary period is conditioned "[u]pon receiving the report" of the probation officer, which must be provided

6

to the court "[w]hen the probation period terminates." MCL 771.5(1). The phrase "[w]hen the probation period terminates" is unambiguous. "When" means "at or during the time that." *Merriam-Webster's Collegiate Dictionary* (11th ed). The circuit court's attempt to extend the probationary period several months after the probation period terminated does not align with the statutory phrase "when the probation period terminates."

Neither could the circuit court "amend" the order of probation to extend the probationary period under MCL 771.2(5). MCL 771.2(5) allows a sentencing court to amend an order of probation "in form or substance," including the term of probation, "at any time." That is, at any time while defendant was under the order of probation, the court could have extended the term of probation by amendment. But, just as the court could not "extend" an order that had expired, neither could the court "amend" an order that had expired.

The Court of Appeals came to the opposite conclusion, noting the textual differences between MCL 771.2(5) and MCL 771.4 and reasoning that we addressed "the exact issue now before this Court, albeit under the prior version of the probation statute" in our opinion in *People v Marks*, 340 Mich 495; 65 NW2d 698 (1954). *Vanderpool*, 325 Mich App at 497-499 (opinion by CAMERON, P.J.). See also *id*. at 501 (O'CONNELL, J., concurring). The Court's reliance on *Marks* was misplaced for two reasons. *Marks*'s treatment of whether a sentencing court has statutory authority to extend a term of probation after the term has expired failed to account for the entire statutory scheme. And *Marks*'s treatment of the due-process question relied on general principles that do not require a particular outcome in this case.

7

In *Marks*, the Court considered whether the sentencing court had "jurisdiction and authority to extend the probation period for an additional 2 years and alter the original terms of probation to include restitution after the original period of probation had expired[**.**]" *Marks*, 340 Mich at 498. *Marks* quoted the statutory predecessors of MCL 771.2 and MCL 771.3. *Id*. at 498-499. The predecessor of MCL 771.2 was similar to the current statutory text, and the quoted portion of the MCL 771.3 predecessor discussed a sentencing court's authority to impose restitution as a term of probation. *Marks*, 340 Mich at 498-499. Without further discussion of either section, and without any discussion of the then-existing version of MCL 771.5, which set forth the same requirements as the current version, *Marks* held that a defendant is not denied due process when restitution is imposed as a condition of probation without a hearing. *Id*. at 499, citing *People v Good*, 287 Mich 110; 282 NW 920 (1938). *Marks* did not explain how the predecessor of MCL 771.2, which provided that an order of probation "shall be at all times alterable and amendable, both in form and in substance, in the court's discretion," meant that a probation order that has expired could be amended. Nor did the court address the interplay with MCL 771.5. Neither *Marks*'s unexamined reference to MCL 771.2 nor its reliance on *Good*'s due-process holding controls this case.

Lastly, *Marks* quoted at length from *Burns v United States*, 287 US 216; 53 S Ct 154; 77 L Ed 266 (1932). See *Marks*, 340 Mich at 500-501. The defendant in *Burns*, a federal probationer, had his probation revoked during the first year of a five-year probationary term, and *Burns* addressed what procedure was required in order to successfully terminate the probationary period. *Burns*, 287 US at 217-219, 222-223. So, *Burns* addressed probation *revocation* occurring *during* the period of probation. *Marks*'s

8

discussion of *Burns* also addressed what constitutional procedures, like notice, are required to extend probation; those constitutional issues are irrelevant here. Consequently, there is no holding from *Burns* that dictates a result here—where probation has been extended *after* the probationary term has expired.[2]

Judge CAMERON reasoned that it was "important" that the circuit court "had not entered an order discharging Vanderpool from probation pursuant to MCL 771.6," but he did not elaborate. *Vanderpool*, 325 Mich App at 499 (opinion by CAMERON, P.J.). We cannot see why an expired order of probation can be extended before a defendant's discharge is recorded but not after. Defendant was indeed entitled to have his discharge recorded as detailed in MCL 771.6, but the circuit court's failure to carry out its duty to do so did not expand its authority to extend defendant's term of probation.

The prosecution takes this further, arguing that defendant was not discharged. This is incorrect. Defendant was discharged from probation when the period of probation ended. MCL 771.6. "Discharge" means "to relieve of a charge, load, or burden[;] . . . to release from an obligation." *Merriam-Webster's Collegiate Dictionary* (11th ed). The order of probation set the end of the defendant's obligations on June 25, 2015. On that day,

---

[2] Furthermore, the due-process analysis in *Marks* is dubious given that the United States Supreme Court has rejected the rights-privilege distinction that previously dominated legal thinking. See, e.g., *Morrissey v Brewer*, 408 US 471, 481; 92 S Ct 2593; 33 L Ed 2d 484 (1972) ("[T]his Court now has rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a 'right' or as a 'privilege.' "). See also *Gagnon v Scarpelli*, 411 US 778, 782, n 4; 93 S Ct 1756; 36 L Ed 2d 656 (1973) ("It is clear . . . that a probationer can no longer be denied due process, in reliance on the dictum . . . that probation is an 'act of grace.' "). But given our disposition of this matter on statutory grounds, we do not reach the due-process argument.

defendant was relieved of his charge to comply with the terms of probation, and he was therefore discharged. The circuit court's failure to carry out its obligation to record this event and provide defendant with documentation as required by statute does not result in defendant having to comply with the expired order.

The prosecution elaborated at oral argument that the end of the term of probation is nothing more than a "control date" or "review date" and probation continues unabated until a defendant's discharge from probation is recorded or a defendant has served the five-year statutory maximum. Although a defendant might expect his or her term of probation to conclude on the last day of the term as described by the order of probation, the prosecution represents that in practice, probation officers often inform defendants to the contrary. But this understanding of the probation end date essentially converts every term of probation to a five-year term.

This reading conflicts with the plain meaning of the statute in that an order of probation that has expired cannot be amended, as described above. This reading also fails to produce a "harmonious and consistent enactment as a whole," *Cunningham*, 496 Mich at 153-154, because the careful description in MCL 771.5(1) of how a probation period should end in either extension or discharge would be little more than a misleading suggestion that probation officers and sentencing courts would be free to ignore. Why require the trial court to fix an initial period of probation if the court can change the terms and length of probation at any time within the five-year maximum; that is, even after that initial fixed period has expired?

The prosecution does not offer any statutory support for the idea that the end of a term of probation is merely a "control date" without independent effect. To the contrary,

MCL 771.2(5) requires the sentencing court to "fix and determine the period and conditions of probation," while MCL 771.2(1) sets an upper limit for felony probationary terms, requiring that "the probation period shall not exceed 5 years." If every term of probation were five years, then there would be no period for the sentencing court to "fix and determine." If the period that the sentencing court fixed and determined ended with a mere "control date," then the period being determined would not be the "period . . . of probation" because the period of probation would be anything up to five years. Additionally, if the prosecution were correct that defendants remain on probation until discharge is recorded without regard to the expiration of the period of probation, it is not clear why the period of probation would even need to be extended.

The prosecution is correct that sentencing courts have wide discretion in setting terms of probation. See MCL 771.3(2) and (3). Nothing in our holding constrains courts from exercising that discretion when setting the period and conditions of probation. And courts also have the authority to extend the period of probation through amendment under MCL 771.2(5) or at the termination of the period of probation under MCL 771.5(1). They simply do not have the authority to extend a probation period that is already over.

The dissent largely focuses on MCL 771.2(5), which states that a sentencing court "may amend the order in form or substance at any time." The dissent points out that, in contrast, the revocation procedure in MCL 771.4 limits a sentencing court's power to a time "during the probation period." And given that MCL 771.4 includes an explicit temporal limitation but MCL 771.2(5) lacks such a limitation, so the argument goes, the court must retain the power to amend the terms of probation at any time, even after the expiration of the probation period. The only limitation the dissent sees in the sentencing

11

court's power to amend an order of probation is the "statutory maximum period of five years."

The absence of a temporal limitation in MCL 771.2(5) combined with the presence of a temporal limitation in MCL 771.4 is a textual clue relevant to this discussion, to be sure. But that textual clue must be weighed in light of the other textual evidence that supports our interpretation. Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St. Paul: Thomson/West, 2012), p 59 ("The skill of sound construction lies in assessing the clarity and weight of each clue and deciding where the balance lies."). The language "at any time" in MCL 771.2(5) indicates that the sentencing court has broad power to amend the order of probation. But that power, in light of the statute as a whole, as we discussed earlier, is limited to when the order is operative.

The dissent argues, like the prosecution does, that the order of probation remains operative after it has expired because the court has not entered an order of discharge under MCL 771.6. The dissent does not explicitly adopt the prosecution's description of the expiration of the order of probation as a mere "control date," but the logic is the same. In the dissent's view, so long as the statutory maximum period has not yet been met when the order of probation expires, nothing happens.

However, this reading of the statute fails to adequately address the language of MCL 771.6, which states that "[w]hen a probationer is discharged upon the expiration of the probation period, or upon its earlier termination by order of the court, entry of the discharge shall be made in the records of the court, and the probationer shall be entitled to a certified copy thereof." MCL 771.6 recognizes that while a court may terminate probation before the expiration of the probation period, and conversely, that a court may also extend

12

probation before the expiration of the probation period, a probationer is simply discharged from probation upon the expiration of the probation period. Nowhere in the language of MCL 771.6 is there a requirement that a court act to discharge a probationer upon the termination of the original probation period set by the original probation order; a court need only act in order to amend that probation order, which otherwise expires according to its original terms if there is no timely intervention.

This reading of MCL 771.6 is not hostile to the language found in MCL 771.5(1). As even the dissent recognizes, "when" may be defined in context to refer to "at or during the time that" or "upon or after which." Given the plain language of MCL 771.6, it is the first definition of "when" that allows for the most cohesive reading of both MCL 771.5(1) and MCL 771.6. MCL 771.6 dictates that a probationer is discharged from probation upon the expiration of the original probation period, absent earlier intervention by a court to modify the original probation order. MCL 771.5(1) merely acknowledges the reality that a probation officer must prepare a report concerning a probationer's conduct and submit it to the court, which relies on that report to make a decision as to whether to amend the order *before* a probationer is discharged upon the expiration of the probation period. In other words, the phrase "so long as the maximum probation period is not exceeded" in MCL 771.5(1) modifies the extent to which a court may extend a probation period if it moves to amend the probation order in a timely manner. But MCL 771.6 restricts a court's ability

13

to amend an order to the time before a probationer is automatically discharged upon the expiration of the probation period.[3]

Although the dissent argues that the original order of probation could not have expired because defendant failed to fulfill some of his obligations under the order, a probationer's discharge from probation does not eliminate all obligations that were previously incurred. Similarly to child support orders that often expire upon a child reaching the age of majority, the expiration of such an order merely reflects the lack of *future* obligations but does not impact outstanding obligations that were incurred while the order was in effect.

Further, we reject the idea that a defendant should ignore the face of the order of probation, which specifies a fixed term. The idea that nothing happens when an order of probation expires conflicts with our direction that an order of probation "must be sufficiently clear to enable the probationer to know what he is required to do in order to comply with it," *People v Sutton*, 322 Mich 104, 109; 33 NW2d 681 (1948), and "specify the period during which it is to continue," *Hill v Hill*, 322 Mich 98, 103; 33 NW2d 678 (1948).

---

[3] The dissent argues that our reading of the statute "strips the trial court of [its] important duty" to discharge defendants. We disagree. Here, the sentencing court retained its authority to amend the order of probation for the entire period it specified in its own order. The sentencing court did fail to carry out the evaluation required by MCL 771.5 "[w]hen the probation period terminate[d]," and in doing so allowed the period to expire. The sentencing court stripped itself of its duty by failing to address defendant until months after his probationary period expired.

The dissent worries our reading of the statute would be "very difficult, if not impossible, to accomplish in practice." The dissent notes that a probation officer's report must describe the conduct during the probationary period, and that must "necessarily include the moments leading right up to termination." So, in the dissent's view, the probation officer would wait until the last day of the probationary period to write the report, then submit the report to the sentencing court, which would consider it at some later date past the expiration of the probationary period. We have every confidence that sentencing courts can navigate this responsibility.[4]

In practice, probation officers already perform a very similar, if not more burdensome, function in preparing presentence investigation reports for sentencings. While all that is required by MCL 771.5(1) is to generally report the termination of probation and "the probationer's conduct during the probation period," these same probation agents comply with much more stringent statutory requirements in preparation for sentencing. In addition to a host of specific information that might be compiled ahead of sentencing,[5] MCL 771.14 requires an inquiry into "the antecedents, character, and circumstances of the person," MCL 771.14(1), as well as "[a]n evaluation of and a prognosis for the person's adjustment in the community based on factual information

---

[4] Furthermore, Michigan's manual for probation officers already instructs them to "review the probationer's file in a timely fashion." See SCAO, *Manual for District Court Probation Officers* (Dec 2019), § 7-08(B), p 154, available at <https://courts.michigan.gov/administration/SCAO/Resources/Documents/Publications/Manuals/prbofc/prb.pdf> (accessed May 19, 2020).

[5] See MCL 771.14(2)(a) through (h).

15

contained in the report," MCL 771.14(2)(a). In practice, this includes a defendant's conduct while awaiting sentencing and events that transpire between completion of the report and sentencing, which are offered orally to the court. Probation officers can and do comply with statutory deadlines.[6] Even supposing the dissent's analysis were correct, there would still be a lot of blanks to fill in. If a probationer's responsibility to comply with the terms of probation did not end when the order of probation indicated it would, it would not be clear how the probationer would know when his or her responsibilities ended. If a probationer's term of probation continued past its expiration, and the sentencing court was not required to comply with the procedure in MCL 771.5 at that time, it would not be clear how long the sentencing court could wait to make a decision. If the only limitation on the court's power to amend an order of probation was the statutory maximum term, it would not be clear whether a sentencing court could amend an order of probation even after entering an order of discharge.

For these reasons, the trial court lacked authority to extend defendant's probation. Because defendant was not on probation, officers had no authority to enter his home and conduct a warrantless search under the probation exception to the Fourth Amendment. See *Griffin v Wisconsin*, 483 US 868; 107 S Ct 3164; 97 L Ed 2d 709 (1987); US Const, Am IV; Const 1963, art 1, § 11.

---

[6] At any rate, the dissent's solution of extending the probationary period does not solve the problem the dissent imagines. In the dissent's view, the probationary period would continue past the expiration of the original term of probation until the sentencing court entered an order of discharge. Probation officers would still have to report on the intervening period.

16

## IV. CONCLUSION

Because the trial court was without authority to extend defendant's probation, we reverse the judgment of the Court of Appeals and remand the case to the circuit court for further proceedings.

Megan K. Cavanagh
Bridget M. McCormack
Richard H. Bernstein
Elizabeth T. Clement

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                      No. 158486

JOHN DAVID VANDERPOOL,

      Defendant-Appellant.

_____

ZAHRA, J. (*dissenting*).

I respectfully dissent. The issues presented in this case are whether the trial court was statutorily permitted to extend defendant's probationary term after it expired but before defendant was formally discharged, and if so, whether due process entitled defendant to notice and a hearing before the court did so. I agree with the Court of Appeals that the trial court maintained jurisdiction to extend defendant's probationary term after its expiration, because MCL 771.2(5) permits the amendment of a defendant's order of probation "in form or substance *at any time*."[1] This is in contrast to the revocation of probation, which must take place during the specific "probation period" imposed on a particular defendant pursuant to MCL 771.4. In this case, while defendant's original term of probation had expired when the trial court extended it, the trial court never discharged defendant from probation, and the court's one-year extension was within the five-year statutory maximum

---

[1] Emphasis added.

period prescribed by MCL 771.2(1). The trial court therefore maintained jurisdiction to extend defendant's probationary period after its expiration.

Defendant's due-process rights were not violated by this extension. A defendant is entitled to the due-process protections of notice and a hearing before a *revocation* of his or her probation. But this case does not involve a revocation of probation. Instead, the trial court merely extended the term of defendant's probation. Probation is a noncustodial supervisory period far less onerous to a probationer than the incarceration that generally results from the revocation of probation. The mere extension of probation does not constitute a "grievous loss" of liberty entitling a defendant to the due-process protections requested by defendant. For these reasons, I would affirm the lower courts.

## I. BASIC FACTS AND PROCEEDINGS

On June 25, 2013, defendant was sentenced to two years' probation after pleading no contest to assaulting a police officer, a felony.[2] The terms of defendant's probation barred the use or possession of controlled substances. Probation agents were also authorized to conduct compliance checks and search defendant's property.

While on probation, defendant did not consistently report to the probation department as directed and did not pay his court-ordered fines and fees. Defendant's probation was due to expire on June 25, 2015, but the trial court did not enter an order discharging him from probation at that time. On September 23, 2015, defendant's probation agent filed a petition with the trial court to extend defendant's probation for one year "to allow for the time [defendant] was on warrant status as well [as] time to pay his

---

[2] MCL 750.81d(1).

2

Court ordered fines and fees." The trial court granted the petition and extended defendant's probation to June 25, 2016.

On November 12, 2015, defendant's probation agent petitioned the trial court for a bench warrant because defendant tested positive for opiates. Defendant was arrested for an unspecified offense on November 18, 2015. Notwithstanding the bench warrant issued for drug use, defendant was again released on bond and informed to report weekly to the probation office. Defendant, however, stopped reporting to the probation office on a weekly basis. Another probation-violation warrant was issued on December 3, 2015. On December 4, 2015, probation agents conducted a compliance check at defendant's home and found heroin, which defendant admitted belonged to him.

Defendant asserts that the December 4, 2015 compliance check led to his subsequent arrest, when he was again found in possession of heroin. Defendant was charged with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(iv), second or subsequent offense, MCL 333.7413(2), and with possession with intent to deliver less than 25 grams of heroin, MCL 333.7403(2)(a)(v), second or subsequent offense, MCL 333.7413(2). Defendant was also charged with violating probation.

Defendant moved to suppress the evidence and for dismissal of the charges. He challenged the legality of the December 4, 2015 compliance check, arguing that he was not on probation at that time because the trial court lacked the authority to extend his probationary period beyond June 25, 2015. The trial court denied defendant's motion. Defendant thereafter pleaded no contest to possession of less than 25 grams of heroin, second or subsequent offense, and to the probation violation. On September 29, 2016, the

3

trial court sentenced defendant to concurrent prison terms of 18 months to 8 years for the drug-possession conviction and 459 days for the probation violation.

The Court of Appeals granted defendant's application for leave to appeal and affirmed defendant's convictions in a split decision, with the majority relying on *People v Marks*, 340 Mich 495; 65 NW2d 698 (1954), to hold that "the trial court had jurisdiction to modify and extend probation up to the statutory maximum term even after [defendant's] original probationary period expired."[3]  Defendant sought leave to appeal in this Court, and in lieu of granting leave to appeal, we ordered oral argument on the application, directing the parties to file supplemental briefs addressing (1) whether the trial court had jurisdiction to extend defendant's probationary term in September 2015 and (2) whether the extension of the probationary term without notice or a hearing violated defendant's due-process rights.[4]

## II.  STANDARD OF REVIEW

We review de novo constitutional issues and matters of statutory interpretation.[5]

---

[3] *People v Vanderpool*, 325 Mich App 493, 496-499; 925 NW2d 914 (2018).

[4] *People v Vanderpool*, 504 Mich 872 (2019).

[5] *People v Harris*, 499 Mich 332, 342; 885 NW2d 832 (2016).

III.  ANALYSIS[6]

A.  THE STATUTORY SCHEME PERMITS A TRIAL COURT TO EXTEND A TERM
OF PROBATION AFTER ITS EXPIRATION

The question presented is whether a trial court maintains jurisdiction to extend a defendant's probationary term after it has expired but before an order is issued discharging the defendant from probation.  This question is answered by the interpretation of several statutes that are relevant to this inquiry.  MCL 771.2(1) provides that a probation period for a felony conviction "shall not exceed five years."[7]  MCL 771.2(5) provides that the trial court may amend an order of probation "at any time:"

> The court shall, by order to be entered in the case as the court directs by general rule or in each case, fix and determine the period and conditions of probation.  The order is part of the record in the case.  *The court may amend the order in form or substance at any time*.  If the court reduces a

---

[6] As an initial matter, I question whether the issues presented are properly preserved.  It appears that defendant did not raise a due-process argument in the Court of Appeals.  In his application to that court, defendant's question presented asked only whether he was entitled to resentencing because "Tuscola County authorities delayed in petitioning for an amendment of probation from June 2015 through September of 2015."  "The failure to raise a question in the lower court precludes the Supreme Court considering it on appeal." *Young v Morrall*, 359 Mich 180, 187; 101 NW2d 358 (1960).  In his application to this Court, defendant, perhaps inspired by the Court of Appeals dissent, presented only the question of whether the Due Process Clause "require[s] that a probationer be given notice and an opportunity to be heard on a probation officer's petition to extend probation[.]"  Defendant did not present to this Court the question of whether the trial court maintained jurisdiction to extend his probationary term after its expiration.  Thus, both issues posed by this Court's order directing oral argument are arguably unpreserved.  But because this Court asked the parties to address both issues, and because the majority resolves this case on the merits, I will address the substantive issues in this dissent.

[7] Defendant's original conviction for assaulting a police officer is a felony for purposes of both the Penal Code and the Code of Criminal Procedure.  MCL 750.81d(1); MCL 761.1(f).

5

defendant's probationary term under subsection (2), the period by which that term was reduced must be reported to the department of corrections.[8]

MCL 771.4, pertaining to the revocation of probation, provides:

It is the intent of the legislature that the granting of probation is a matter of grace conferring no vested right to its continuance.  If *during the probation period* the sentencing court determines that the probationer is likely again to engage in an offensive or criminal course of conduct or that the public good requires revocation of probation, the court may revoke probation.  All probation orders are revocable in any manner the court that imposed probation considers applicable either for a violation or attempted violation of a probation condition or for any other type of antisocial conduct or action on the probationer's part for which the court determines that revocation is proper in the public interest.  Hearings on the revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials.  In its probation order or by general rule, the court may provide for the apprehension, detention, and confinement of a probationer accused of violating a probation condition or conduct inconsistent with the public good.  The method of hearing and presentation of charges are within the court's discretion, except that the probationer is entitled to a written copy of the charges constituting the claim that he or she violated probation and to a probation revocation hearing.  The court may investigate and enter a disposition of the probationer as the court determines best serves the public interest.  If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made. . . .[9]

MCL 771.5(1) governs the procedure to be followed upon the termination of a probationer's period of probation.  It provides:

When the probation period terminates, the probation officer shall report that fact and the probationer's conduct during the probation period to the court.  Upon receiving the report, the court may discharge the probationer from further supervision and enter a judgment of suspended sentence or

---

[8] Emphasis added.

[9] Emphasis added.

6

extend the probation period as the circumstances require, so long as the maximum probation period is not exceeded.[10]

Finally, MCL 771.6, which requires a record of discharge, provides:

> When a probationer is discharged upon the expiration of the probation period, or upon its earlier termination by order of the court, entry of the discharge shall be made in the records of the court, and the probationer shall be entitled to a certified copy thereof.

Reading these statutes as reasonably as possible, harmoniously, and in their entirety,[11] I agree with the Court of Appeals that the trial court possessed the authority to extend defendant's originally imposed probationary period after its stated date of expiration.

The language of MCL 771.2(5) pertaining to the amendment of probation orders differs significantly from that of MCL 771.4 pertaining to the revocation of probation. MCL 771.2(5) states that the "court may amend the [probation] order in form or substance at any time." This broad language, permitting amendment "at any time," is in contrast to the language of MCL 771.4, which requires that a revocation proceeding commence during the "probation period."[12] The reference in MCL 771.4 to a defendant's "probation period"

---

[10] MCL 771.5(1).

[11] *People v Cunningham*, 496 Mich 145, 153-154; 852 NW2d 118 (2014), quoting *Grand Rapids v Crocker*, 219 Mich 178, 182-183; 189 NW 221 (1922) ("[W]e examine the provision[s] within the overall context of the statute 'so as to produce, if possible, a harmonious and consistent enactment as a whole.' ").

[12] The "probation period" for purposes of MCL 771.4 "refers to the specific probation term that the sentencing court has imposed on a particular defendant," not the statutory maximum term of probation. *People v Glass*, 288 Mich App 399, 405; 794 NW2d 49 (2010).

7

is absent from MCL 771.2(5), an omission that we must consider intentional, especially when coupled with the Legislature's specific use of the broader "at any time" language in MCL 771.2(5).[13]  Thus, we must assume that the Legislature intentionally declined to impose in MCL 771.2(5) the temporal limitation referred to in MCL 771.4.  Accordingly, the Court of Appeals correctly held that a trial court is not confined to the terms of the "probation period" when amending probation, which includes the extension of probation.  Instead, as plainly stated in MCL 771.2(5), a trial court has the authority to amend probation "at any time" within the statutory maximum period of five years, even after the expiration of the originally imposed period of probation.

In concluding to the contrary, the majority relies heavily on the requirement in MCL 771.5(1) that "[w]hen the probation period terminates, the probation officer shall report that fact and the probationer's conduct during the probation period to the court."  The majority takes this reporting requirement and engrafts onto it a temporal requirement not expressly found in the statute.  Specifically, the majority reads this statute to mean that if the probation officer does not provide the required report to the trial court before or at the very moment that a probation period expires, the trial court loses jurisdiction over the probationer to extend the probation period since it has already "terminated" or come to an end.  The majority's myopic reading of the law is flawed.  Not only would it be odd for a probation officer's inaction to strip a court of jurisdiction, but this interpretation is unworkable in practice and contrary to the plain language of the statute.

---

[13] See *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993) ("Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there.").

MCL 771.5(1) does not require that the probation officer furnish his or her report to the court before or at the very second a probation period expires. To the contrary, MCL 771.5(1) anticipates an extension of probation *after* the expiration of a defendant's period of probation. The first sentence of MCL 771.5(1) says that "[w]hen the probation period terminates, the probation officer shall report," and the second sentence says that "[u]pon receiving the report," the court may discharge the probationer from further supervision or extend the probation period. This language makes clear the legislative understanding that there is going to be some passage of time between these two events—the termination of the probation period and the court's receipt of the probation officer's report. The statute is written in a manner that contemplates a sequence of events: (1) the termination of the probation period, (2) the preparation of a report by the probation officer, (3) the presentation of this report to the court, and (4) the court's discharge of the probationer from further supervision or the extension of the probation period. This sequence clearly envisions that a court's jurisdiction extends past the expiration of the defendant's originally imposed period of probation.[14]

---

[14] The majority's reliance on the definition of "when" as " 'at or during the time that' " is not particularly helpful given that "when" can also be defined in a manner favorable to the dissent. (Citation omitted.) Indeed, one of the definitions of "when" is "upon or after which; and then." *Random House Webster's College Dictionary* (1992). In other words, it is completely reasonable to interpret the language "when the probation period terminates" to mean "after the probation period terminates" the probation officer must provide the court with a report and then, once the court receives the report, the court can either discharge the defendant from probation or extend probation.

The majority relies on dictionary definitions of the terms "terminate" and "expire" to conclude that defendant's term of probation came to an "end." But I see no reason why a period that has come to an end cannot later be extended. And, as discussed later in this opinion, I do not believe that the mere passage of time can permanently "terminate" a

9

Additionally, the majority's reading of MCL 771.5(1) would be very difficult, if not impossible, to accomplish in practice. The required report must indicate that the defendant's probation period has terminated, which a probation officer cannot indicate until after the probation period has actually terminated. The report must also describe the probationer's conduct during the probation period, which would necessarily include the moments leading right up to termination. If the probationer violates a condition of probation moments before the period of probation terminates, the probation officer would have to include a description of this conduct in his or her report. Simply put, this is an impossible task to impose on a rapidly moving, high-volume trial court. A trial court with dozens, if not hundreds of probationers cannot be expected to accept a report at the very moment that the probationer's probation period terminates. For these reasons, I find the majority's reliance on MCL 771.5 to be unpersuasive.

Relatedly, I disagree with the majority's understanding of an order of "discharge" as contemplated by the statutory scheme. The majority, relying on a dictionary defining "discharge" to mean " 'to relieve of a charge, load, or burden[;] . . . to release from an obligation,' " concludes that "[d]efendant was discharged from probation when the period of probation ended."[15] But the mere expiration of a probation period does not automatically

---

probation period and result in the automatic discharge of a defendant from probation. Indeed, had the Legislature intended an automatic discharge to enter, it would not have afforded the sentencing court the opportunity to take other action. Recall that MCL 771.5(1) permits the sentencing court to either "discharge the probationer from further supervision and enter a judgment of suspended sentence *or* extend the probation period as the circumstances require." (Emphasis added.)

[15] Citation omitted.

10

discharge a defendant from probation. If this were the case, there would be no reason for MCL 771.5 to require "*the court*" to "discharge the probationer from further supervision" "[*u*]pon receiving the report."[16] The statute clearly contemplates that it is the court that must take the affirmative act of discharging a defendant from probation. The majority also opines that the "circuit court's failure to carry out its obligation to record this event [the discharge] and provide defendant with documentation as required by statute does not result in defendant having to comply with the expired order."[17] But the issuance of an order discharging a defendant from probation is not the ministerial task that the majority makes it out to be. Instead, MCL 771.5 requires the trial court to exercise its discretion in determining whether discharge is appropriate after receiving the report from the probation officer detailing the probationer's conduct on probation.[18] The majority's conclusion that

---

[16] Emphasis added.

[17] This case does not present to us the question of whether a defendant must comply with the conditions of probation imposed in his or her original order of probation during the period after the expiration of that order and before its extension. The search that defendant claims was unlawful was conducted while defendant was subject to the conditions imposed after his probationary period was extended. Therefore, the only question at issue is whether the trial court was permitted to extend defendant's probationary period after its expiration.

[18] It is because of this directive in MCL 771.5 that I am not persuaded by the majority's reliance on MCL 771.6. MCL 771.6 simply requires that a record be made of a discharge. It does not purport to set forth the discharge procedure, but instead provides the procedure governing what shall happen *after* there has been a discharge: "entry of the discharge shall be made in the records of the court, and the probationer shall be entitled to a certified copy thereof." In contrast, MCL 771.5 provides instructions as to the discharge process itself and explicitly indicates that it is the *court* that must either extend the probation period or "discharge the probationer from further supervision." The reporting requirement in MCL 771.6 cannot trump the discharge instructions set forth in MCL 771.5.

11

the mere passage of time results in a "discharge" strips the trial court of this important duty.[19]

It is also ironic that the majority "reject[s] the idea that a defendant should ignore the face of the order of probation," when defendant did just this by failing to comply with the explicit terms of his probation. It is undisputed that defendant failed to consistently report to the probation department, and significantly, he did not pay the fines and fees required by his order of probation. I am hard-pressed to conclude that defendant would reasonably expect to be automatically discharged from a period of probation that he did not successfully complete. The majority is correct that courts speak through written orders. But defendant's order of probation did not state that his discharge from probation would be automatic upon the expiration of the originally imposed term. Moreover, the trial court never "spoke" to defendant through an order of discharge to inform him that he was released from his probation obligations.[20] Because MCL 771.2(1) makes clear that a trial

---

[19] We must bear in mind that an important purpose of probation is to rehabilitate a defendant. See *People v Miller*, 182 Mich App 711, 713; 452 NW2d 890 (1990) (courts may impose conditions of probation under MCL 771.3(4) so long as there is a rational relationship between the restriction and rehabilitation). MCL 771.2(5) gives trial courts broad discretion to amend and modify probation orders as needed in furtherance of this rehabilitation effort. Automatically releasing a probationer from probation without the probation officer or trial court examining a probationer's performance while on probation undermines the effort to ensure that he or she has been rehabilitated.

[20] The majority asserts that it "cannot see why an expired order of probation can be extended before a defendant's discharge is recorded but not after." We are not tasked with considering in this case whether a court may extend a term of probation after the court discharges a defendant from probation. That is not what happened here. MCL 771.5 requires a trial court to either extend a term of probation or discharge a defendant from probation. The trial court in this case never discharged defendant from probation, so there

12

court maintains jurisdiction over an individual convicted of a felony offense for up to five years and given that defendant did not successfully complete the terms of his probation, it should not have come as a surprise to defendant that his order of probation was subject to extension until he received an order of discharge from the court.[21]

In this case, while defendant's original probationary period had expired when the trial court extended it, the one-year extension was within the five-year statutory maximum period prescribed by MCL 771.2(1). The trial court therefore maintained the authority to extend defendant's probationary period after its expiration. The compliance check at issue,

_____

is no question as to whether the court surrendered its jurisdiction over defendant. It did not.

[21] I disagree with the majority that this interpretation "essentially converts every term of probation to a five-year term." And I equally disagree with the majority's statement that "[i]f every term of probation were five years, then there would be no period for the sentencing court to 'fix and determine.' " A trial court is permitted to impose a five-year term of probation for a felony from the outset pursuant to MCL 771.2(1), but may impose a lesser term if it believes that this will be sufficient to rehabilitate the defendant. The entire reason that MCL 771.2(5) permits amendment of an order of probation "at any time" is because the trial court needs flexibility to amend a defendant's probationary terms and conditions depending on the performance of the probationer. It may very well be the case that the initial term "fixed and determined" by the court will require no modification, but it might also be the case that a defendant is noncompliant with the probationary terms, warranting an extension or modification of the initially fixed and determined terms and conditions. I do not share the majority's apparent concern that permitting a court to extend a probationary period after its expiration will convert all terms of probation into five-year terms. If a trial court has always possessed the authority to impose a five-year term of probation from the outset, there is no reason to believe that a court will take advantage of the ability to extend a probationary period after its extension to convert every lesser term of probation into a five-year term.

13

which was conducted after this extension of defendant's probation period, was lawful under the statutory scheme.[22]

### B. DUE PROCESS DOES NOT REQUIRE ADDITIONAL NOTICE AND AN OPPORTUNITY TO BE HEARD BEFORE THE EXTENSION OF PROBATION

Given my conclusion that the statutory scheme permitted the trial court to extend defendant's probationary period after its expiration, I must address whether due process required that defendant receive notice and an opportunity to be heard before this extension.

Both the United States Constitution and the Michigan Constitution of 1963 dictate that no person may be deprived of life, liberty, or property without due process of law.[23] In finding a due-process violation in this case, the dissenting Court of Appeals judge relied on a couple of cases from the United States Supreme Court.[24] In *Morrissey v Brewer*,[25] the Supreme Court concluded that the Due Process Clause of the Fourteenth Amendment

---

[22] My review of the statutory scheme leads to the same result that this Court reached in *Marks*, 340 Mich 495. Although a different version of MCL 771.2 was at issue in *Marks*, the language of the relevant statute was substantially the same. In *Marks*, 4 months and 14 days after the expiration of the original period of probation, the trial court extended the defendant's probation for a period of two years and added the condition of restitution. This Court held that "defendant's rights were not impinged by the alteration in the probation order made within the statutory 5-year period, even though the conditions of the original order had not been violated and its term had expired." *Id*. at 501. As this Court explained, "[t]he trial judge . . . was at liberty 'at all times' within the 5-year period to alter and amend the order 'both in form and in substance.' " *Id*. at 501-502. "The only limitation, and this applies to both the grant and any modification of it, is that the total period of probation shall not exceed 5 years." *Id*. at 501.

[23] US Const Am XIV; Const 1963, art 1, § 17.

[24] See *Vanderpool*, 325 Mich App at 503-506 (JANSEN, J., concurring in part and dissenting in part).

[25] *Morrissey v Brewer*, 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972).

requires that a state afford an individual some opportunity to be heard before revoking his or her parole. In reaching this conclusion, the Court " 'rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a "right" or as a "privilege," ' " and instead clarified that "[w]hether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer grievous loss.' "[26] The Court reasoned that the termination of parole "inflicts a grievous loss" because while on parole a parolee is able "to do a wide range of things open to persons who have never been convicted of any crime," but, "[i]n many cases, the parolee faces lengthy incarceration if his parole is revoked."[27] In determining what process was due, the Court held that "[w]hat is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior."[28] The Court then explained the procedures that should apply, including both a preliminary and a final revocation hearing.[29]

In *Gagnon v Scarpelli*,[30] the Supreme Court of the United States held that the same due-process protections that apply to the revocation of parole apply to the revocation of probation, noting that the "[p]etitioner does not contend that there is any difference relevant

---

[26] *Id*. at 481 (citations omitted).

[27] *Id*. at 482 (quotation marks omitted).

[28] *Id*. at 484.

[29] *Id*. at 484-489.

[30] *Gagnon v Scarpelli*, 411 US 778, 782; 93 S Ct 1756; 36 L Ed 2d 656 (1973).

to the guarantee of due process between the revocation of parole and the revocation of probation, nor do we perceive one."[31]

This precedent is meaningfully distinguishable from the case at hand, as the loss of liberty that follows the revocation of parole or probation is significantly different than the substantially lesser constraint on liberty imposed by the extension of a period of probation. Per *Morrisey*, the pertinent inquiry is whether the extension of probation condemns a probationer to suffer "grievous loss" such that due process requires notice and an opportunity to be heard. It does not. As the Court explained in *Morrissey*, a parolee and a probationer are able "to do a wide range of things open to persons who have never been convicted of any crime."[32] "Though the State properly subjects [a probationer] to many restrictions not applicable to other citizens, his condition is very different from that of confinement in a prison."[33] Indeed, "the liberty of a parolee [and a probationer] . . . includes many of the core values of unqualified liberty . . . ."[34] In sum, probation is a noncustodial supervisory period far less onerous to the probationer than the incarceration that generally results from the revocation of probation or parole. For this reason, the extension of probation does not result in the type of "grievous loss" caused by the revocation of parole or probation. Consequently, while the extension of probation

---

[31] *Id*. at 782.

[32] *Morrissey*, 408 US at 482.

[33] *Id*.

[34] *Id*.

16

restricts one's liberty to a certain extent, it does not constitute a "grievous loss" entitling a defendant to additional due-process protections.

Federal courts that have addressed this issue have likewise declined to apply *Morrissey* and *Gagnon* to the extension of probation.[35]  I find the reasoning set forth by the United States Court of Appeals for the Third Circuit in *Skipworth v United States* to be particularly persuasive:

> After careful consideration of the principles set forth in *Morrissey* and *Gagnon* and their applicability to this case, we do not believe that due process required notice and a hearing prior to the extension of the petitioner's probation.  While we acknowledge that probation entails significant restrictions on an individual, an extension of probation is clearly not as "grievous" a "loss" as revocation, and here it entailed no greater restrictions than those which existed previously.  In fact, the primary "loss" suffered by an individual whose probation has been extended lies not in the continuing restrictions themselves, but in the possibility of future revocation.  While

---

[35] See *Skipworth v United States*, 508 F2d 598, 601-602 (CA 3, 1975); *United States v Carey*, 565 F2d 545, 547 (CA 8, 1977); *United States v Cornwell*, 625 F2d 686, 688 (CA 5, 1980); *Forgues v United States*, 636 F2d 1125, 1127 (CA 6, 1980); *United States v Silver*, 83 F3d 289, 291-292 (CA 9, 1996).

Our Court of Appeals has also held that a defendant need not be given an opportunity to be heard before the trial court extends his or her probation period, *People v Kendall*, 142 Mich App 576, 579; 370 NW2d 631 (1985), or adds a new condition of probation, *People v Graber*, 128 Mich App 185, 190-191; 339 NW2d 866 (1983).  This Court concluded in *Marks*, 340 Mich at 499-502, that due process does not require notice or a hearing prior to the alteration of a probation order after its expiration, but did so in part by relying on *People v Good*, 287 Mich 110; 282 NW 920 (1938), and *Burns v United States*, 287 US 216; 53 S Ct 154; 77 L Ed 266 (1932), for the proposition that probation is a "period of grace" and is a privilege rather than a right.  As noted above, the Supreme Court in *Morrissey* "rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a 'right' or as a 'privilege.' " *Morrissey*, 408 US at 481 (quotation marks and citation omitted).  For this reason, I apply the "grievous loss" test referred to in *Morrissey* rather than focusing on probation's status as a "privilege."  See *id*. at 481-482.  Consequently, while I reach the same result that this Court reached in *Marks*, I do so for different reasons.

such a loss is indeed serious, it is merely potential at the time of extension, and the due process clause clearly provides the protection of a hearing in the event that revocation proceedings should subsequently occur. We add that the petitioner in fact received a revocation hearing at which he was represented by counsel.

We also note that the kind of factual inquiry in an extension proceeding is quite different from that in a revocation proceeding. In revocation proceedings, the trial judge must reasonably satisfy himself that the probationer has broken some law while on probation or has otherwise violated a condition of his probation. While the judge has considerable discretion as to whether to order revocation, he must at a minimum make an initial factual finding of a probation violation. A revocation hearing, therefore, provides the probationer with the crucial opportunity to contest an allegation of violation.

In granting an extension, however, the trial judge is given greater latitude, and he need not find that any probation violation has occurred. For example, in *United States v Squillante*, 144 F Supp 494, 497 (SDNY 1956), the court refused to terminate the probation which it had previously extended, despite finding that the probationer had complied with the express condition of his probation, because it believed that "the best interest of society warrants the continuation of supervision over the probationer."[36]

Furthermore, the applicable statutes already provide a probationer with sufficient notice that extension of his or her probation period is a possibility. MCL 771.2(5) notifies defendants that "[t]he court may amend the [probation] order in form or substance at any time." In addition, MCL 771.5(1) notifies defendants that "[w]hen the probation period terminates . . . the court may . . . extend the probation period as the circumstances require, so long as the maximum probation period is not exceeded." And MCL 771.2(1) notifies defendants that the maximum probation period for felonies is five years. These statutes inform defendants convicted of felonies that their period of probation may be extended up to five years. Moreover, defendants have an opportunity to be heard at their trials or plea

---

[36] *Skipworth v United States*, 508 F2d at 601-602.

18

hearings and at sentencing before the trial court originally imposes probation. For the reasons set forth above, defendants are not entitled to an additional opportunity to be heard after probation is ordered when the trial court is merely extending probation.

## IV. CONCLUSION

I conclude that the trial court maintained jurisdiction under the applicable statutory scheme to extend defendant's probationary period after its expiration. I further conclude that this extension did not violate defendant's due-process rights. I would therefore affirm the lower courts. I respectfully dissent.

> Brian K. Zahra
> Stephen J. Markman
> David F. Viviano